## NAKANELUA *vs.* KAILIANU.

### TAXATION OF COSTS.

### JULY TERM, 1884.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

Defendant having, on his appeal, reduced the amount recovered by plaintiff one-fifth: Held, under Sec. 1013, Civil Code, that plaintiff must pay costs.

### OPINION OF THE COURT, BY McCULLY, J.

FROM the May Term of the Third Judicial Circuit Court. The case came to the Circuit Court by appeal from the Circuit Judge in Chambers, where the plaintiff had recovered $25 for the value of a pig which the defendant had slaughtered, claiming it to be his own. The defendant appealed. The jury in the Circuit Court found for the plaintiff as before, but reduced the value of the pig to $20. The defendant then claimed that the costs of the Court fell upon the plaintiff by force of the following statute provisions, Civil Code, Sec. 1013:

" Costs shall be allowed to the prevailing party in judgments rendered on appeal in all cases, with the following exceptions and limitations :

" 1. If the defendant against whom judgment is rendered appeal, and judgment be rendered in his favor in the Appellate Court, and the amount recovered in the Court below be reduced one-fifth or more, costs shall be awarded to the appellant."

The plaintiff contends that the judgment is in his favor. It is found that he was the owner of the pig, though the value of it is assessed at $20, instead of $25. The substantial issue between the parties has been property, not valuation. The defendant appealed upon the question of ownership, claiming that the pig, whatever its value, belonged to him, and the verdict is not in his favor, but in favor of the plaintiff, although for a reduced valuation.

The defendant claims that by the appeal the value of the pig was put in issue equally with the fact of ownership, and that the

statute provisions must intend to give the defendant the benefit of costs whenever by an appeal he has reduced the amount of the judgment as much as one-fifth, and that the statute has no meaning and is futile unless that construction is put upon it.

It is clear that the verdict in this case is in 'the plaintiff's "favor in the Appellate Court." Looking no further than this, it is clear that he is entitled to costs under the general provision. But the words which follow, viz.: "And the amount recovered below be reduced one-fifth or more," must be taken to qualify what precedes them in the clause .They import a verdict or judgment still remaining in favor of the plaintiff, but "reduced" in amount by one-fifth. We do not think the expression of the statute is felicitous in terming a reduced judgment in the plaintiff's favor a judgment for the defendant, but it must be construed to mean that or nothing. We must presume that the Legislature intended a meaning. The intention here would seem to be to provide that when a defendant, who has suffered a judgment, appeals, and is justified by the Appellate Court to the extent of one-fifth reduction, he shall be saved costs.

The operation of this statute sometimes produces an anomalous kind of justice. Thus, in the present case, by the reduction of the valuation from $25 to $20, the plaintiff, recovering the $20, pays a larger sum, including the costs of defendant's witnesses and costs of the two trials below. He makes a loss by the verdict in his favor, only diminished from what he would have suffered by a verdict against him by the sum of twenty dollars, while the defendant, who is now shown not to have been the owner of the property in dispute, goes out of Court without loss.

But with our view, as above, of the law, this injustice cannot be avoided.

Plaintiff is ordered to pay costs.

*W. L. Holokahiki*, for plaintiff.

*W. A. Kinney*, for defendant.

Honolulu, August 12, 1884.