## THOMAS CARPENTER v. H. L. LAWSON.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MAY 11, 1909.    DECIDED MAY 17, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

CONSTITUTIONAL LAW—*costs.*

> The statute, Sec. 1893 R. L., is not unconstitutional and does not impair the obligation of a contract by requiring a plaintiff to pay the costs when a judgment recovered by him in the district court is reduced one-fifth in the appellate court although the costs exceed the sum awarded him for breach of the contract sued on.

APPEAL AND ERROR—*finding in jury waived case.*

> There was evidence in this case to sustain the judge's finding, jury being waived, of an express agreement for payment of a stated sum.

OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiff having obtained judgment for $15 and costs in his action in the district court of Honolulu for the use and hire of four trestle horses, ten scaffolding planks, one water barrel, one mortar board and four mortar galvanized buckets for fifteen days at $1 a day, the defendant appealed to the circuit court, and the parties waiving jury the judge found for the plaintiff in the sum of $7.50. The judgment appealed from having thus been reduced more than one-fifth the costs ($16.75) were awarded under Sec. 1893 R. L. to the defendant, and under Sec. 1894 R. L. judgment accordingly was entered making a balance of $9.25 in favor of the defendant, the plaintiff's counsel objecting on the ground that the sections cited are in violation of Sec. 10, Art. 1 of the constitution in destroying his right to recover the $7.50 awarded, and moving to set aside the finding as contrary to law and not supported by evidence. The objection was overruled and the motion denied, to which rulings the plaintiff excepted.

The judge considered that the evidence showed an agreement that fifty cents a day be paid for use of the things. The plaintiff testified that before procuring the materials he told defendant that he, plaintiff, could obtain use of them at fifty cents per day and that defendant thereupon told him to go and get them; that he first charged fifty cents a day and sent a bill for that amount; that he put in the bill for $15 after the defendant did not pay fifty cents, Walker, from whom he hired the things, charging him $1 a day. Walker testified that he charged $1 a day and thought that a very reasonable estimate although his estimated value of the things was $26.50. The defendant testified that he engaged the plaintiff as a plasterer on the Art Theatre building at $6 a day, the plaintiff saying that he had all the necessary tools to complete the job; that when the plaintiff told him he did not have enough scaffolding and so on and would have to rent some, and said it would cost

about $2.50 or $3, the defendant approved the price, but the plaintiff afterwards demanded $7.50.    Walsh, who was in charge of the building, testified that the plaintiff told him he could get the stuff and that it would cost fifty cents a day.

There was evidence then to sustain the finding.    The statute is peremptory in requiring costs to be awarded to the appellant "if the defendant against whom judgment is rendered shall appeal and the amount recovered in the court below be reduced one-fifth or more," and was enforced in *Nakanelua v. Kailianu,* 5 Haw. 179; *Kamalu v. Lovell,* 5 Haw. 181; *Scott v. Apau,* 12 Haw. 157.

There is no doubt that the legislature cannot destroy all effective remedy for breach of contract since "the existence of some sufficient remedy is essential to the obligation of a contract." 3 Page on Contracts, Sec. 1765.    But plaintiff's failure to recover as much in the circuit court as was awarded him in the district court results from his having claimed too large a sum in the first instance.    Statutes appear to be common which require that "when on appeal the plaintiff's recovery is less than that awarded him in the inferior court" he pay the costs.    5 Enc. Pl. & Pr. 163, and *Jones v. Spencer,* 36 Ark. 82, in which such a statute is cited.    It is stated that in perhaps the majority of jurisdictions an appellant who obtains a modification of a judgment in his favor is entitled to costs. 11 Cyc. 214.

No decision has been cited and upon considerable examination we find none holding that such statutes are unconstitutional.

Exceptions overruled.

*G. A. Davis* for plaintiff.

*C. F. Clemons (Thompson & Clemons* on the brief) for defendant.