# HARVEY's HEIRS *v.* WAIT.

RECORD—INHERENT POWER OF COURT TO AMEND.—Every court has the inherent power to amend its record at any time so as to make it show what determination was actually made and such amendment is not open to collateral attack.

FINAL DECREE.—The final character of a decree depends upon the intention of the court, to be ascertained from the terms of the decree.   The addition of an order of continuance in these words:   "It is further ordered that this proceeding be and the same is hereby continued until the next term of this court for further proceedings," to the decree of the probate court on the hearing of an executor's final account which ascertained and declared the amount due from him to the estate of his testator, and the property still in his hands belonging thereto, and made full provision for the payment and application of the money and delivery of the property, did not affect the final nature of such decree, or preserve the power of the court to change or modify its essential provisions at the subsequent term.

APPEAL from Multnomah County.

The appellant filed his final account as one of the executors of the will of Daniel Harvey, deceased, in the county court of Multnomah county.   Objections were filed to its allowance by the widow and heirs of the deceased, the respondents here.    The matter was then referred to E. Quackenbush, James Steel and Shubrick Norris to hear testimony and report upon the disputed items in the account, and particularly upon the appellant's claim for extra compensation. The referees, after hearing the testimony and examining the accounts, made their report in due form—a majority pronouncing against the allowance of the extra compensation claimed.    On the 4th of November, 1880, the court con-

firmed the majority report, and after reciting the order fixing the time for the hearing of the final account; the proof of notice; the appointment of Eloisa Harvey as trustee under the will of deceased, of the residue of his estate after payment of claims, expenses and legacies: the proper accounting of said Eloisa Harvey as executrix; the payment of all claims, expenses and legacies, and due settlement of the estate, and the right of Eloisa Harvey to the custody of the residue, as trustee under the will; and the giving a particular description of the property still in the appellant's hands as executor, and not otherwise disposed of, rendered the following decree:

"It is therefore ordered and decreed that said executor, A. E. Wait, do forthwith deliver to said Eloisa Harvey, trustee, all the hereinbefore mentioned promissory notes belonging to said estate, and all notes, accounts and property of every name and nature, taking her receipt therefor.

"That he do forthwith pay to said Eloisa Harvey, as trustee under the will of Daniel Harvey, or into this court for her, the said sum of $6,722 38, found by said referees to be due from him to said estate January 1, 1880, together with interest on said sum of $6,722 38, from said January 1, 1880, at the rate of ten per cent. per annum, amounting to $567 20, and the further sum of $346 90, amount of the commissions allowed by law, hereinbefore ordered to be retained in lieu of the said sum of $346 90 in the hands of executor Ralston, and allowed to him as commission, amounting to the total sum of $7,636 48, and that until so paid, said sum draw interest at the rate of ten per cent. per annum. It is further ordered that said A. E. Wait pay to said Eloisa Harvey, as executrix, the said sum of $500 of said commissions, after deducting the amount in the hands of said Ralston, and now allowed to him as compensation,

or pay the same to the clerk of this court for her, and that said A. E. Wait pay the costs of this proceeding since the filing of objections to said account, taxed at $464 95-100 dollars.

"It is further ordered that this proceeding be and the same is hereby continued until the next term of this court for further proceedings."

Afterwards, on November 16, 1880, before the decree rendered had been entered in the journal of the court, the probate judge, upon appellant's suggestion, and with the consent of respondents, to facilitate the taking of an appeal by the former, and to remove any doubt as to the final character of the decree, struck out the last sentence continuing the proceeding from the draft which had been furnished the clerk of the court for entry in its record.

The appellant was not notified of the change however, and had no knowledge of this action on the part of the probate judge, until after the time for taking an appeal from the decree of the 4th of November, 1880, had expired. He then petitioned for an amendment of the record so as to make it conform to the order actually made, which was granted by the court on notice to respondents, and the sentence restored which had been stricken out. This was done on December 14, 1880, and on the 20th day of the same month the following order was made and entered in the record of the probate court:

"In the matter of the estate of Daniel Harvey, deceased:

"And now on this 20th day of December, 1880, comes up to be heard the order upon the final account of the executors of the estate of the said Daniel Harvey, deceased, which order was continued from last term, and it appearing that no further proceedings are necessary or required, it is here-

by ordered and decreed that within twenty (20) days the said executor, A. E. Wait, deliver to Eloisa Harvey, trustee, the promissory notes mentioned in said order and pay over to said Eloisa Harvey, trustee, the said several sums of money in said order decreed to be paid by him, and that upon said A. E. Wait delivering said notes and paying said several sums of money as herein ordered and decreed, and filing receipts therefor, that the said executors of said estate shall be discharged and their sureties exonerated from all further liability herein, and that if the said A. E. Wait shall fail to deliver said notes and pay said sums of money within twenty days as hereinbefore ordered, execution issue to enforce the same."

On January 5, 1881, the notice of appeal to the circuit court was served, and the appeal perfected by the filing of the notice with proof of service endorsed, together with a sufficient undertaking, with the clerk of the probate court. The notice specified the order of December 20, 1880, as the one appealed from, but described the provisions of the decree of November 4, 1880, as if embraced in it. The circuit court on motion dismissed the appeal, and this is the ruling which appellant complains of in this court. The merits of the case are not involved in the appeal.

*W. H. Effinger*, for appellant.

*E. C. Bronaugh*, for respondent.

By the Court, WATSON, J.:

The power of the probate court to correct the record of its proceedings at a subsequent term, and make it conform to truth and the determination actually made at a preceding term, can hardly be questioned at the present time. (Freeman on Judgments, sec. 71; *Dunning* v. *Burkhardt*, 34 Wis., 588.) And it is equally certain that its action in this

respect cannot be assailed in a collateral proceeding. These propositions seem to us to entirely obviate the objections urged by the respondents, that the change or modification of the decree of November 4, 1880, attempted by the probate judge, should be presumed to have transpired during the November term, and therefore to be valid, it not appearing from the record that the term had previously expired, and that the court had no power to amend its record after the term.

If the change or modification of November 16th was made during the continuance of the regular November term, it was valid, and the action of the court at the ensuing December term, amending its record so as to render wholly ineffectual the attempted change or modification of its original decree, was erroneous and unwarranted.

The parties in this proceeding are bound by the action of the probate court in making the amendment, and cannot contest its regularity here. But the main question presented on this appeal is whether the decree of November 4, 1880, was final in its character, and this must be determined upon the intention of the probate court, to be ascertained from the terms of the decree itself, as we have already decided that there was no change or modification of it during the term at which it was rendered. There can be no controversy as to the principle governing the determination of this issue.

In *Rubber Company* v. *Goodyear*, 6 Wall., 155, in passing upon this very question, the court say: "But we must be governed by the obvious intent of the circuit court, apparent on the face of the proceedings. We must hold, therefore, the decree of the 5th of December to be the final decree." We are not unmindful that this very case has been cited by appellant's counsel as a decision in his favor,

in view of the similarity of the facts to those in the case before us. But we think a close examination will disclose substantial differences.

In the former, the first entry was in the form of an order entered in the minute book and contained the substance of the decision rendered. The second entry was made eight days afterwards, during the same term; was entitled "final decree," and was in the appropriate form for a final decree, and besides contained a particular description of the patent rights, for the violation of which the action had been brought to recover damages, while in the first entry they were mentioned merely as "the patents in the case," and also determined the amount of costs recovered, which was not done in the first entry. But in the case at bar, the second order was not made at the same term with the first, and does not contain any of its essential provisions. Without referring to the previous decree, it is impossible to tell what the rights and liabilities of the parties are. It is true the last order refers to the first as having been continued from the preceding term, but it does not assume to decide any issue or direct anything to be done which was covered by the first decree and can not be held to have been intended to supply its place as a final decree, in any view of the matter.

But if the second order were ever so formal and comprehensive and unequivocally denoted the intention of the court, when it was entered, that it should be deemed the final decree in the cause, still it could not be so held, in derogation of the effect of the first, equally formal and comprehensive in its provisions, and with equal force, evincing the intention of the court as to its final character. No court can be permitted thus to avoid the effect of its previous decisions after it has lost the power to further change

or modify them by direct methods. Now the decree of November 4, 1880, is in form a final decree. It ascertains and declares every liability and gives every needful direction. The appellant, by complying with its requirements, would have entitled himself to an immediate discharge, and it is quite evident that the court so understood the effect of its proceeding. The last sentence containing the order for a continuance of the proceeding until the next term "for further proceedings" has no bearing in opposition to this view. It does not indicate any purpose to alter or modify the provisions of the decree previously declared, or to reserve any of them for further consideration before making a final disposition of the matters involved. The further proceedings mentioned in this order were evidently proceedings in addition to those already taken, and finally settled by the decree and in all probability referred solely to the discharge of the appellant on presenting proper vouchers, showing his compliance with the requirements of the decree.

We therefore hold that the decree of November 4, 1880, was the final decree in this proceeding, and that it is distinct from the order of December 20, 1880, and there is nothing in this last order, considered by itself, from which an appeal will lie. The appeal not having been taken to the circuit court within thirty days from the entry of the final decree in this cause, it was rightfully dismissed.

Decree affirmed.