## KAMALU *vs.* JOSEPH LOVELL.

### TAXATION OF COSTS.

### JULY TERM, 1884.

### JUDD, C. J.; McCULLY AND AUSTIN, JJ.

Final liability to pay costs is not determined till final judgment.
If a new trial is ordered, the party finally losing the case must pay all
the costs, notwithstanding he prevailed in the first trial.

### OPINION OF THE COURT, BY JUDD, C. J.

THE result of the first jury trial of this case, held April, 1882, was a verdict for plaintiff. The costs were $33 45. In September a new trial was ordered by the Supreme Court in banco; costs of appeal $7.

The new trial was had in October, with a verdict again for the plaintiff; the costs were $43 10. In 1883 a new trial was again ordered by the Court in banco; appeal costs $12.

In April the third trial took place, when a verdict for the defendant was ordered by the Court; costs $41 40.

In January, 1884, the plaintiff's exceptions were overruled by the Court in banco; costs of appeal $8 50. These costs include jurors' fees for attendance and verdicts, but not the taxable attorneys' fees.

The plaintiff's counsel urges that, as he prevailed in the first two trials before the jury, he is not required to pay the costs of these trials. He contends that he is only liable to pay the costs of his unsuccessful appeals to the Court in banco and of the last jury trial.

And the question for us to decide is, whether the plaintiff, who obtains a verdict in his favor at the first trial of his case, is liable to pay the costs of this trial, if the final judgment be against him.

It seems to us that he is. That the defendant should not be compelled to pay them is clear, for the ordering of a new trial means that the verdict against defendant was wrong.

Sec. 1013 of the Civil Code prescribes that "costs shall be al-

lowed to the prevailing party in judgments rendered on appeal in all cases," with certain exceptions which do not apply to this case.

Sec. 1014 prescribes that "whenever costs are awarded to the appellant, he shall be allowed to tax as part thereof the costs and fees paid in the lower Court in taking the appeal, in addition to the costs of the Court appealed to."

Rule of Court XIV is that "costs shall follow judgment in all original actions in this Court."

We consider that the final liability to pay costs is not determined until the final judgment. There must be excepted, of course, the cases where costs are ordered by the Court to be paid as penalties, or as terms of a continuance, etc. There is no reason why costs should be lost—that is, paid by no one.

The errors of juries or of courts in deciding matters of fact or law do not impose upon them the liability to pay costs. These must fall on the litigating parties, and be borne by the one eventually losing.

The plaintiff must pay costs.

*S. B. Dole*, for plaintiff.

*W. R. Castle*, for defendant.

Honolulu, August 12, 1884.