# W. W. AHANA, C. AH CHOW, TAI YUEN AND JACK SAM, PARTNERS UNDER THE NAME OF KWONG FUNG WAI COMPANY, *v.* W. WA YAT, LAM YIP AND WONG KWAI.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 18, 1906.    DECIDED JANUARY 25, 1906.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

MASTER'S REPORT—*not disturbed unless error is clear.*

A master's report of findings of fact ought not to be disturbed except upon a clear showing of error, especially if the reference is made by consent for a decision on the facts.

COSTS IN EQUITY—*largely in discretion of trial judge.*

Whether costs in equity should be taxed to plaintiff or defendant or divided is a matter largely in the discretion of the trial judge.

LACHES—*in prosecuting motion for confirmation of report, held not fatal.*

> Plaintiffs filed exceptions to the master's report and defendants moved for confirmation and the matter was continued until moved on; defendants moved it on six years afterwards. Held, it does not lie with plaintiffs to urge defendants' laches against confirmation.

### OPINION OF THE COURT BY FREAR, C.J.

This bill in equity for an accounting and an injunction was filed July 13, 1897. The plaintiffs' theory is that in November, 1896, the defendant Wa Yat and others then members of the partnership sold out to the plaintiffs, who were to assume the indebtedness of the partnership and pay the difference between that and the value of the partnership property which was estimated at $10,500, but that, since the settlement had to be made immediately and the amount of indebtedness could not be definitely ascertained at once, the indebtedness was assumed tentatively to be $8,770.20 and the plaintiffs gave their notes to Wa Yat for the difference between that and the value of the property, namely, $1729.80, on the understanding that if the indebtedness should be found greater the excess should be credited on the notes. It is alleged that an excess of about $600 should be so credited. The defendants' theory is that the property was valued at $18,000 and that there was no such understanding as the plaintiffs allege, but that the amount of the notes was made up of an existing debt of $1100 due from the other members of the firm to Wa Yat, $329.80 interest accrued on said $1100, and $300 the value of Wa Yat's remaining interest in the partnership.

On May 11, 1898, the parties stipulated that the "matters in controversy" and "the accounts involved may be referred to Kan Wing Chew, to hear and decide upon the facts and merits of the case, reporting his decision to the court," and two days later, in pursuance of the stipulation, Kan Wing Chew was appointed to "hear and decide upon the facts and merits of the

above entitled cause, reporting his decision therein to the court."
Soon afterwards the master, arbitrator or referee, as he is
variously called, began to take evidence, and on July 25, 1899,
filed his report, dated July 24, 1899, and also the evidence
taken by him.

The substance of the report was that in 1890 the defendant
Wa Yat and another leased lands at Waialua, Oahu, and started
a rice plantation there, but that afterwards Wa Yt bought out
his partner for $550; that in August, 1894, he took in four other
partners, who had one share each, Wa Yat retaining two shares,
on a basis of $10,500; that in October, 1895, four more persons,
including the plaintiff Ahana, were admitted into the partner-
ship; that on November 23 or 24, 1896, Ahana bought out
Wa Yat, and perhaps others also, and gave to Wa Yat the notes
in question signed in the firm name, the first and second of
which for $100 and $129.80 respectively were paid when due,
but the others of which, one for $300 and three for $400 each,
amounting to $1500, were not paid when due, on the ground
that the account of the company was incorrect and that Wa Yat
had not summed up the same; that some time in 1897 he induced
Wa Yat to make a memorandum on the first page of the cash
book to the effect that on July 1, 1894, the company consisted
of six shares, that the business was valued at $10,500, that after
deducting the debts of the old company the balance should be
paid to Wa Yat, that if the company should have paid more
than the above amount Wa Yat should refund the difference to
it but the company should assume all accounts after said date
and should not deduct any amount for debts from said $10,500.
The master stated that the evidence was conflicting and gave
reasons for discrediting some of the plaintiffs' testimony, also
that he had made a thorough examination of all the account
books, 28 in number, produced before him, and found that the
partnership indebtedness on July 1, 1894, was $9,530.70, which,
deducted from $10,500, left $969.30 due Wa Yat; also that
there was due Wa Yat $278.77 interest thereon to November 23,
1896, and $168.90 wages advanced by Wa Yat after July 1,

1894, and $188.35 amount overdrawn from Wa Yat on general account, making a total of $1605.32, from which he deducted $50.35, an amount entered twice by mistake in the cash book, and $229.80 the amount of the two notes paid, leaving $1325.17, which with interest, $212.03, from November 24, 1896, to July 24, 1899, amounted to $1537.20, for which amount and costs he gave judgment in favor of Wa Yat, the other defendants having no further interest in the matter, they having settled with Wa Yat.

On August 23, 1899, the defendants moved that the "arbitrator's" award be entered up as a judgment and on the same day the plaintiff Ahana excepted to the "decision and report" of the "arbitrator" on the grounds (1) that it was contrary to the law and the evidence; (2) that it did not appear that the arbitrator had made any proper account of the transactions involved in the suit; (3) that no opportunity had been given to the plaintiffs to inspect the books with reference to the items which the arbitrator found against the plaintiffs and that no hearing had been had with reference thereto, and that no opportunity had been given to object thereto; and (4) that the costs should not be awarded against the plaintiffs. In support of the third ground an affidavit by Ahana was filed to the effect that he did not know that the arbitrator had made any account from the books left in his hands; that he never had an opportunity to object to any of the items allowed and that no hearing was had with reference to the said account. On the same day the matter was ordered continued until moved on and no further proceedings were had until July 15, 1905, when Wa Yat moved to set the matter for hearing for the purpose of confirming the report and further necessary proceedings. The matter came up for hearing September 9, 1905, and was submitted on briefs to be filed thereafter, and after the filing thereof the circuit judge overruled the exceptions and confirmed the report and findings of the master on December 11, 1905. The plaintiffs appealed.

The master's findings of fact should not be disturbed without clear proof of error or mistake on his part. *Monting v. Leong*

*Kau,* 7 Haw. 486; *Est. of Cummins,* 16 Id. 185. Especially
true is this when, as in the present case, the reference was
made by consent of the parties to decide the facts. *Davis v.
Schwartz,* 155 U. S. 631. We cannot say in this case that the
findings were contrary to the law and the evidence, which is the
first ground of exception, or that the circuit judge erred in
overruling this exception.

The second exception, namely, that it does not appear that
the master made any proper account of the transactions involved
in the suit, is equally unsustainable. It appears that he made
a careful examination of the accounts and made findings thereon
that are not shown to be erroneous.

The third exception, that no opportunity was given the plain-
tiffs to inspect the books with reference to the items found
against them, that no hearing was had with reference thereto
and no opportunity given to object thereto, is equally without
merit. The affidavit in support of this exception is too indefi-
nite and is wholly insufficient. The plaintiffs had long had
possession of the books and it was their duty to point out any
inaccuracies or errors in them. They were present and repre-
sented by counsel at hearings. It does not appear that any
application was made by them or denied for an opportunity to
inspect the books or to object to findings thereon or for a hear-
ing with reference thereto, nor has it been shown before the
circuit judge or here that the items found by the master were
erroneous.

The matter of costs was largely in the discretion of the cir-
cuit judge, and we do not see sufficient reason for setting aside
his ruling based on the recommendation of the master in this
respect.

In addition to the exceptions to the report the appellants
urge that the defendants ought not to be heard on their motion
for a confirmation of the report because of their laches in ask-
ing for a hearing upon that motion. This point also was prop-
erly overruled by the circuit judge. The case was begun by
the plaintiffs and it was their duty quite as much as that of the

defendants to proceed with reasonable diligence in the case. They are hardly in a position to invoke the doctrine of laches against the defendants, particularly under all the circumstances referred to above.

 · The decree appealed from is affirmed.

*J. A. Magoon* and *J. Lightfoot* for plaintiff Ahana.

*C. W. Ashford* for defendants.