# M. F. SCOTT AND NETTIE L. SCOTT *v.* KONA DEVELOPMENT COMPANY, LIMITED, A CORPORATION.

## TAXATION OF COSTS.

ARGUED FEBRUARY 10, 1913.                    DECIDED MARCH 4, 1913.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

COSTS—*transcript of evidence—effect of stipulation.*

An expenditure for a transcript ordered by the opposing parties under an unqualified agreement entered into by them that each would pay one-half of the expense is not taxable as costs in favor of the prevailing party.

ID.—*prevailing party.*

Costs will be awarded in favor of a party whose exceptions to rulings allowing certain items as costs in favor of the opposite party are sustained, even though other exceptions to the judgment in chief do not prevail.

ID.—*unnecessary papers.*

Expenditures incurred in the preparation and filing of papers unnecessarily made a part of a bill of exceptions are not taxable as costs of the appeal.

### OPINION OF THE COURT BY PERRY, J.

Following the disposition of the bill of exceptions in this cause (ante, p. 408), the plaintiffs present in this court their bill of costs of the appeal, praying for the taxation against the defendant of the sum of $2500 "paid for stenographers' fees and expenses" and other items amounting in the aggregate to $226.75.

Concerning the item of $2500, the facts are undisputed. The trial commenced on September 20, 1910, and ended on August 16, 1911. The minutes for September 30, 1910, contain the following: "Order for transcript in this case made by the court. Cost of the same to be paid one half by plaintiffs and one half by defendant." Thereafter, from time to time, the stenographers in attendance prepared a transcript of their notes of the testimony and of the minutes of the proceedings,

in three copies, delivering one copy to the trial judge and one each to counsel for the plaintiffs and to counsel for the defendant. The cost of the whole transcript was $5000 or a little over that sum and was paid one-half by each of the parties. Upon the rendition of the judgment for defendant, on the ground of non-joinder of parties defendant, the defendant claimed in its bill of costs (and was allowed) the sum of $2559.35 for "actual disbursements, stenographers' fees and expenses", filing in support or explanation of the claim and affidavit of its leading attorney in which the affiant deposed "that his understanding of the arrangement in reference to the transcript is, that the parties agreed that the transcript should be written up and three copies furnished, one to the court, one each to the plaintiffs and to the defendant, the costs to be equally divided, one half to be paid by the plaintiffs and one half by the defendant;" that it was his "understanding at the time that these payments constituted no part of the costs during any stage of the case, but that after the decision of the cause Mr. Milverton, one of the attorneys for the plaintiff, called his attention to the fact that no order had been made and no agreement appeared in the transcript upon the point, and that the matter was open, intimating, but not directly saying, that had the plaintiffs won, a claim for the costs of the transcript would have been made by them"; and that "for this reason the defendant included this item in its costs bill." Plaintiffs objected to the allowance of the item upon the ground that "under the stipulation of the parties made in open court during the trial of the above entitled action it was not contemplated that such disbursements should be taxable costs in the action" and in a statement filed at the request of the trial court counsel for plaintiffs stated that his recollection of the "arrangement" between the parties was that "one half of the expense of preparing this transcript was to be borne by the plaintiffs and defendant respectively" and that "there was nothing, so far as I recollect now, said, as to whether or not the fees paid by either party

for the transcript should be taxed as costs in the action." These statements of counsel are, in substance, in entire accord with each other and with the minutes. It is clear that the stipulation under which the transcript was prepared and paid for was that one-half of the cost should be ultimately borne by each of the parties and that it was not contemplated by them that the disbursements should be taxable as costs in the action. When the question first arose in the trial court, the recollection and construction of the stipulation by both attorneys was to this effect. The error in the allowance in defendant's favor of the item of $2559.35 will doubtless be corrected upon re-taxation of costs after entry of the judgment of nonsuit as directed. The item of $2500 in the present bill is disallowed.

As to the remaining items. Defendant's contention that the plaintiffs did not prevail upon their exceptions and are therefore not entitled to any costs cannot be sustained. The substantial effect, rather than the form, of the decision upon the exceptions must, indeed, be considered; but while the change directed in the form of the judgment did not, perhaps, substantially benefit the plaintiffs, since the judgment on the ground of non-joinder, like the judgment of nonsuit, would not have been a bar to new proceedings upon the same cause of action and since the judgment of nonsuit, upon the ground upon which it was based, effectually prevents a continuance or renewal of the action of assumpsit while the judgment for non-joinder did not of itself have that effect, nevertheless other exceptions, to rulings on the subject of costs, were sustained and resulted in a reduction in plaintiffs' favor of $2213.06 from the amount of the judgment below. The plaintiffs did, therefore, prevail upon their bill of exceptions and are entitled to the costs of the appeal.

The following papers, however, were made a part of the record unnecessarily: four briefs filed in the trial court, demurrer to first complaint, stipulation waiving jury, motion to set demurrer for hearing, defendant's objection to same, first amended

complaint, motion to amend first amended complaint, notice to admit certain facts, motion for leave to amend complaint, three stipulations for continuances, one stipulation extending time for filing of briefs, two motions for leave to amend third amended complaint, notice of deposition of Pvormann, notice of application for order extending time for filing bill of exceptions, order to return exhibits, defendant's objections to plaintiffs' bill of exceptions, affidavit of D. L. Withington on same, notice of presentation of bill of exceptions, motion by plaintiffs that defendant's objections to plaintiffs' bill of exceptions be overruled, defendant's further objections to plaintiffs' bill of exceptions, order that plaintiffs file bond in the sum of $10,000, motion to certify transcript, direction to prepare and furnish a transcript and stenographers' return to same. As to these, the costs charged amounting to the sum of $33.85 are disallowed.

The remainder of the bill is allowed. Costs are taxed against the defendant in the sum of $192.90.

*F. W. Milverton (J. W. Cathcart* with him on the brief) for plaintiffs.

*D. L. Withington* and *A. L. Castle (Castle & Withington* on the brief) for defendant.

