*J. S. Ferry* for plaintiff.

*C. S. Carlsmith* for defendant.

---

HENRY C. HAPAI, G. W. A. HAPAI AND NELSON K. SNIFFEN *v.* MAY K. BROWN, ARTHUR M. BROWN, HER HUSBAND, BLANCHE WALKER, JOHN WALKER, HER HUSBAND, WALTER F. DILLINGHAM, ROBERT W. ATKINSON AND HENRY WATERHOUSE TRUST COMPANY, LIMITED, A CORPORATION.

TAXATION OF COSTS.

ARGUED JANUARY 23, 1914.        DECIDED JANUARY 26, 1914.

ROBERTSON, C.J., PERRY, J., AND CIRCUIT JUDGE WHITNEY IN PLACE OF DE BOLT, J.

COSTS—*on appeal—irrespective of final judgment.*

> The party who prevails upon a writ of error is entitled to the costs of the appeal even though final judgment in the original action is against him.

OPINION OF THE COURT BY PERRY, J.

This was a statutory action to quiet title. The plaintiffs as well as the defendants claimed through one Keaka whose will was admitted to probate in 1868. At the first trial, during the presentation of the plaintiffs' case in chief, Keaka's will was received in evidence and defendants thereupon moved for judgment in their favor on the ground that one Paakuku, through whom they claimed (the plaintiffs' title was derived from the brothers and sisters of Paakuku), was therein named as sole devisee of the land in controversy. The motion was granted and judgment entered for the defendants. Upon a writ of error this court held that the devise was to Paakuku and her brothers and sisters as tenants in common, reversed the judgment and remanded the cause for further proceedings. At the second trial the court sustained defendants' contention, supported by proof, of a former judicial adjudication in favor of their predecessors in interest and again gave judgment for the defendants. Upon a second writ of error the judgment was affirmed.

Prior to the entry of the order remanding the cause in pursuance of the decision of this court upon the first writ of error, the plaintiffs filed a bill, in the total sum of $60, for statutory attorneys' fees, expenses and costs of court incurred in securing a review of the first judgment in this court but by consent action in the matter was deferred. Plaintiffs now ask for the taxation of the costs as set forth in the bill.

No objection is made to the specific items charged. The taxation of any costs in favor of the plaintiffs is resisted, however, on the ground that final judgment was against them, thus showing that the action was one that should not have been instituted and that the defendants were wrongfully brought into court. Whatever force the argument might otherwise have, it cannot avail against the provision of our statute that "costs shall be allowed to the prevailing party in judgments rendered on appeal, *in all cases,*" with certain enumerated exceptions and

limitations which are inapplicable to the case at bar. The term "appeal" is used in the statute in its general sense and includes writs of error as well as other methods of appeal. Nor is the reference simply to final judgments. No other provision is to be found in our statutes authorizing the award of costs in this court in judgments not final in their nature. Certainly an intention to limit the authority to award costs to final judgments is not to be imputed to the legislature, particularly in view of the fact that the language used is sufficiently broad to include all judgments.

*Kamalu* v. *Lovell,* 5 Haw. 181, is not an authority to the contrary. In that case the plaintiff, who was finally unsuccessful after three trials, while contending that as he had prevailed in the first two trials before the jury he should not be required to pay the costs of those trials, conceded his liability to pay the costs of the two appeals as well as of the last jury trial; and the only question then under consideration was, as stated by the court, "whether the plaintiff, who obtains a verdict in his favor at the first trial of his case, is liable to pay the costs of this trial, if the final judgment be against him." It was held that he was, the court saying that "the defendant should not be compelled to pay them, for the ordering of a new trial means that the verdict against defendant was wrong." This reasoning would obviously not apply to the decision of the appellate court granting a new trial. The further statement that "the final liability to pay costs is not determined until after the final judgment" was made with reference to the sole issue then under consideration, i. e., the liability for the costs of the earlier trials. The question of the liability for the costs of the appeal was neither raised nor decided.

The motion to tax the costs of the appeal in favor of the plaintiffs is granted.

*L. Andrews* for plaintiffs.

*Thompson, Wilder, Watson & Lymer* for defendants.