*Lorrin Andrews* for plaintiff.

*J. Lightfoot* for defendant.

---

J. ALFRED MAGOON, ET AL., *v.* LORD-YOUNG ENGINEERING COMPANY, LIMITED, AND CHARLES R. FORBES, SUPERINTENDENT OF PUBLIC WORKS OF THE TERRITORY OF HAWAII.

No. 787.

TAXATION OF COSTS.

ARGUED MARCH 8, 1916.                    DECIDED MARCH 18, 1916.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE WHITNEY,

IN PLACE OF WATSON, J., DISQUALIFIED.

COSTS—*where government officer a party.*

> Where one of two parties against whom a final decree is entered is a public officer and, therefore, not liable for costs, and the other party is a contractor who was acting for his own profit, and who defended against the suit on the same general grounds as the officer, but under his own pleadings, through his own counsel and in his own right, held that all recoverable costs should be taxed against the latter.

SAME—*in equity cases—on appeal.*

> The rule that costs in suits in equity are in the discretion of the court applies only to costs in the trial court. The costs on appeal of such cases go to the party who prevails in the supreme court under R. L. 1915, Sec. 2548.

SAME—*taxable disbursements.*

> Held, that the cost of photographs of the *locus in quo*; of a transcript of the testimony; of typing the record on appeal; and, the amount of the premium on an injunction bond, were taxable as reasonable disbursements in this case. The cost of a duplicate transcript held not taxable as a disbursement or allowable as a counterclaim.

SAME—*expert witness fees.*

> Compensation paid by a party to an expert witness is not recoverable as a taxable disbursement.

OPINION OF THE COURT BY ROBERTSON, C.J.

This was an appeal in a suit in equity for an injunction upon which this court held, reversing the decree appealed from, that the complainants were entitled to the relief prayed for. *Magoon v. Lord-Young Eng. Co.*, 22 Haw. 327. Now the complainants, in connection with a motion for the entry of a final decree, ask to have their costs allowed and taxed. Their bill of costs consists of various items including costs and expenses both in the trial court and in this court and in connection with the appeal. It is conceded that no costs are taxable against the superintendent of public works. The present contest is between the complainants and the Lord-Young Engineering Co., and the company will herein be referred to as the respondent. The bill is objected to by the respondent both generally and specifically, and a contra claim has been presented by the respondent for $232.75, representing seven-eighths of the cost of a duplicate transcript of the testimony obtained for use in connection with the briefing of the case on appeal. This claim will be dealt with at the outset. We hold that the cost of the whole or a part of a duplicate transcript of the

testimony obtained by a party to facilitate the briefing of the case on appeal is not taxable as a disbursement, or available as a counter-claim, such transcript being for the mere convenience of the party or his counsel.

The respondent contends that it ought not to be charged with any costs whatever since the vital ground upon which the complainants prevailed was the insufficiency of the notice served by the superintendent of public works upon the owners whose lands it was proposed to fill, and that it was in no way responsible for that defect in the proceeding. But as the question as to the sufficiency of the notices was raised by the pleadings in the court below, and the proceedings leading up to the letting of the contract to the respondent, under which it sought to justify its threatened action, were as vigorously defended and confidently relied on by the respondent as by the superintendent of public works, we think the former cannot now shift upon the latter all the blame attributable to the error. The respondent was a contractor seeking to subject the lands of the complainants to the operation of its contract for its own profit, and it defended against the suit through its own counsel, under its own pleadings, and in its own right. Under these circumstances, we hold that all taxable costs to which the complainants may be entitled should be taxed against the respondent, and that no reduction is to be allowed by reason of the fact that its co-party respondent is exempt. Of the costs charged in the bill the sum of $504.25 relates to the institution of the suit and hearing in the court below. An item of $15 for photographs of the complainants' premises and the adjacent neighborhood showing the progress and nature of the work done by the respondent under its contract and filed as exhibits was objected to. Photographs of the *locus in quo* are often useful at the hearing of a case, helping as they do to make clear matters concerning the situation as it exists or existed on the

ground. The item is allowed as a reasonable and actual disbursement. The objection to an item of $441.75 paid to expert witnesses who testified at the hearing is sustained. Compensation paid by a party to an expert witness is not recoverable as a taxable disbursement under R. L. Sec. 2540. *Scott* v. *Kona Development Co.* 21 Haw. 408. The costs incurred in this court and in connection with the appeal amount to $748.25. The objection to an item under the head "Attorneys costs," of $3, "Attendance upon trial, supreme court," is sustained. No "trial" was held in this court, and the statute makes no provision for a fee for appearance on appeal in this court. Objection is made to an item of $580, the cost of the transcript of the testimony. The contention here is that seven-eighths of the testimony recorded in the transcript related to issues upon which the respondents were successful on the appeal, and counsel for the respondent argues that as this was a suit in equity the successful complainants are not necessarily entitled to recover costs, but that, upon equitable principles, the costs may be divided, or denied *in toto* to the prevailing party. 11 Cyc. 32, 37. The rule that in equity the costs are in the sound discretion of the court is well established. *Pennsylvania* v. *Wheeling etc. Bridge Co.,* 18 How. 460; *DuBois* v. *Kirk,* 158 U. S. 58, 67. In *Kittredge* v. *Race,* 92 U. S. 116, 121, the court said "In actions at law, it is a general rule, that the losing parties, or the parties against whom judgment is rendered, are to pay the costs; and no apportionment of the costs is made between them. Each is liable for all, whatever may be their respective interests in the subject-matter of the suit. In equity it is different. There the court has a discretion as to the costs, and may impose them all upon one party, or may divide them in such manner as it sees fit." The rule has been recognized in this jurisdiction (*Ahana* v. *Wah Yat,* 17 Haw. 326, 330), but it applies to the costs incurred in the trial court, whereas the

objection here goes to an item included in the costs of appeal which stand on a different footing. Under our statute the costs of appeal go to the party who prevails on the appeal irrespective of which party may eventually recover the costs of trial in the court below. R. L. 1915, Sec. 2548; *Hapai* v. *Brown,* 22 Haw. 20. In this respect no distinction is drawn between appeals from the decrees of circuit judges at chambers and error or exceptions in law actions. In a case, such as this, where the final decree is to be entered in this court, it is proper to tax all the costs which are recoverable, and in an equity appeal, in taxing the costs prior to the appeal, this court may well exercise the same discretion that the circuit judge would if the costs were being taxed by him. In so far as the costs of the hearing below are concerned the contention that they should be divided, under the circumstances of this case, is not sustained. The objection to the charge for the transcript is overruled. *Tyler* v. *Wise,* 21 Haw. 166. The charge of $51 for premium and stamp on the indemnity bond given by the complainants upon the injunction obtained by them *pendente lite* is allowed as a reasonable disbursement. And the objection to an item of $35 paid out for typing the record on appeal is overruled. *Tyler* v. *Wise, supra.* Section 2540 of the Revised Laws authorizes the taxation of actual and reasonable disbursements on an appeal in this court as well as upon a proceeding in the circuit court or before a circuit judge at chambers. The complainants are regarded as having prevailed on the appeal since, notwithstanding the respondents were successful as to some of the points in issue, they established their right to the permanent injunction which they sought.

Other objections to certain minor items are overruled without comment. The complainants' costs as of the present are allowed and taxed against the respondent in the sum of $807.75.

*J. A. Magoo*n and *C. H. Olson* (*Holmes & Olson* with them on the brief) for the motion.

*F. W. Milverton* (*Thompson, Milverton & Cathcart* on the brief) contra.