L. L. McCANDLESS *v.* W. R. CASTLE, TRUSTEE UNDER THE WILL OF JOSHUA R. WILLIAMS, DECEASED, KAHALAUAOLA WILLIAMS, ROSE WILLIAMS, HENRY WILLIAMS, EDWARD WILLIAMS, GEORGIANA WILLIAMS, JOSEPHINE BOYD, GEORGIANA WRIGHT, LYDIA MOLDENHAUER AND JOSHUA WILLIAMS.

No. 1149.

TAXATION OF COSTS.

ARGUED OCTOBER 16, 1919.          DECIDED OCTOBER 17, 1919.

KEMP, J., AND CIRCUIT JUDGES FRANKLIN AND DeBOLT IN PLACE OF COKE, C. J., ABSENT, AND EDINGS, J., DISQUALIFIED.

COSTS—*equity cases—on appeal.*

Sec. 2548 R. L. 1915, which provides that "If the defendant against whom judgment is rendered appeal and the amount recovered in the court below be reduced one-fifth or more costs

shall be awarded to the appellant," governs the allowing and taxing of costs on appeal in equity cases, and where the decree appealed from is reduced one-fifth or more the appellant is entitled to his costs of appeal.

## OPINION OF THE COURT BY KEMP, J.

This was an appeal in a suit in equity for an accounting. The suit was instituted in the circuit court by L. L. McCandless against W. R. Castle, trustee under the will of Joshua R. Williams, deceased, and the various beneficiaries under the will, praying for an accounting of a portion of the income of the trust estate. A decree was rendered in favor of McCandless and against all of the respondents, from which all of the respondents appealed.

Upon a hearing in this court an opinion was rendered sustaining that portion of the decree appealed from holding complainant to be entitled to an accounting but finding that the accounting should be based on a different set of facts from those set forth in the decree of the circuit judge and remanding the cause with instructions to modify the decree to conform to the views therein expressed. *McCandless* v. *Castle*, 25 Haw. 22.

The appellants have now filed a motion to have their costs allowed and taxed and said motion is accompanied by the affidavit of appellants' attorney to the effect that the decree appealed from has been reduced by more than one-fifth by the decision on appeal. This fact is not controverted by complainant. In fact it is admitted by his counsel and is borne out by a comparison of the decree appealed from with the opinion of this court.

Appellants claim to be entitled to have their costs on appeal allowed and taxed under section 2548 R. L. 1915, as construed and applied in the case of *Magoon* v. *Lord-Young Co.*, 23 Haw. 187. In this case the court recog-

nized the principle that under the rule in equity cases the costs are in the sound discretion of the court, but held that that rule applies only to costs incurred in the trial court, and further held that under our statute the costs of appeal go to the party who prevails on appeal irrespective of which party may eventually recover the costs of trial in the court below. The particular portion of section 2548 R. L. 1915 upon which appellants rely in this case is as follows: "If the defendant against whom judgment is rendered appeal and the amount recovered in the court below be reduced one-fifth or more costs shall be awarded to the appellant."

In view of this statute and the holding of this court in *Magoon* v. *Lord-Young Co., supra,* to the effect that section 2548 R. L. 1915 governs the allowing and taxing of costs on appeal we are unable to see how the complainant can escape liability for the costs on appeal in this case.

There being no dispute as to the correctness of the cost bill filed the costs are allowed and taxed against the complainant in accordance with the cost bill on file in the sum of $77.80.

*A. G. Smith* for complainant.

*Arthur Withington* for respondents.