Syllabus.

# ELLA K. VICTOR *v.* MALIA PILI, CHARLES PILI, MIKAELE (K), WILLIE KUHELELOA, KUNE-WA (W) AND MILE KAIUE (W).

## No. 1513.

ERROR TO CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED MARCH 24, 1924.                    DECIDED MARCH 31, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

TRIAL—*instructions to jury.*

In submitting special issues of fact to a jury for determination, an instruction that "if, in your opinion, the plaintiff has established by a preponderance of the evidence the truth of the material allegations made by her, then your answers should be for the plaintiff" and that "if, however, she has failed to make such proof, or, if the evidence in your opinion, is evenly balanced as between the contesting parties, then your answers should be accordingly," is not open to the objection that it is ambiguous and misleading and was sufficient to indicate to the jury that if the evidence was evenly balanced or preponderated in favor of the defendants, then the answers should be in favor of the defendants.

EVIDENCE—*sufficiency to sustain finding.*

Certain evidence recited in the opinion *held* to be sufficient to support a finding of delivery of a deed by the grantor to the grantee.

COSTS—*who liable for costs, when more than one trial.*

When there are two or more successive trials in an action at law the final liability to pay costs is not determined till final judgment. The party finally losing the case must pay all the costs even though he prevailed in one or more of the earlier trials.

OPINION OF THE COURT BY PERRY, J.

This was an action at law to quiet title to certain lands. A verdict for the plaintiff was set aside by this court and a new trial ordered. (*Victor* v. *Pili*, 26 Haw.

654.) Upon a second trial the verdict was again for the plaintiff. Upon the present writ of error there are eight assignments of error. Those numbered 1, 2, 4 and 5 have been expressly abandoned by the appellant. Number 3 is to the effect that the court erred in refusing to give the defendants' requested instruction number 8 which read, "if the evidence in this case is equally balanced, or preponderates in favor of the defendants, your verdict must be for the defendants." This instruction was refused by the trial judge "because considered covered by charge of court." The instruction as given on this subject is as follows: "The burden of proof in this case rests upon the plaintiff to establish by a fair preponderance of the evidence the truth of the several allegations of the complaint. By a 'preponderance of evidence' is meant that which, in your opinion, has the greater weight. Otherwise expressed—it is just what you honestly believe the truth to be. If, in your opinion, the plaintiff has established by a preponderance of the evidence the truth of the material allegations made by her, then your answers should be for the plaintiff. If, however, she has failed to make such proof, or, if the evidence in your opinion, is evenly balanced as between the contesting parties, then your answers should be accordingly." The only argument presented by the appellant against the instruction in the form in which it was given is that the word "accordingly" at the end of the instruction is ambiguous and misleading. In addition to defining the expression "preponderance of evidence" the trial judge instructed the jury that the burden of proof rested upon the plaintiff to establish the truth of the allegations of her complaint by a fair preponderance of the evidence. And further, that if the plaintiff had established the truth of her allegations by a preponderance of the evidence then the special questions submitted to the jury should be answered in favor of the

plaintiff. The statement immediately following that "if, however, she has failed to make such proof, or, if the evidence in your opinion, is evenly balanced as between the contesting parties, then your answers should be accordingly" clearly was intended to mean that under the circumstances last mentioned the answers should be in favor of the defendant. Men who are deemed sufficiently intelligent to sit as jurors in the trial of such a case would understand the language in question as having this meaning. The law upon the point was sufficiently stated by the presiding judge.

Assignment number 6 is that the court erred in giving its instruction number 2 above quoted. This is necessarily disposed of by what has been said above.

Assignment number 7 is that the court erred in refusing to grant a new trial. Under this the only contention advanced is that there was not adduced as much as a scintilla of evidence to support a finding that the deed under which the plaintiff claimed had been delivered to her by Keliikanakaole, her grantor. The plaintiff herself testified that the grantor "told me to take care of that paper—she give it to me—of course she was so sick you know. * * * I put the deed in my bureau, where I always sleep in my bedroom. * * * I kept it there in my bureau till Keliikanakaole died. * * * I did receive that deed—it was in my possession in my bureau." In addition a notary testified to having taken the acknowledgment of the grantor to the deed and that prior to taking the acknowledgment he read and explained to the grantor the contents of the deed and among other things told her that the effect of the deed was "you put this land over to the daughter" (there was evidence that the plaintiff was the adopted daughter of the grantor). This latter statement, coming as it did from a Hawaiian using more or less imperfect English, was susceptible of

the interpretation that the notary had stated to the grantor before acknowledgment that the deed was an instrument conveying the land to the grantee there named. Another witness, Abbie Rodrigues, testified that she had requested a gift of property from Keliikanakaole and that the latter refused her request giving as her reason that she had "put" the property "on my cousin Ella," meaning the plaintiff. This witness also testified that Keliikanakaole said to her "I have already made the land to Ella." Sam Kuula testified that Keliikanakaole had told him that "all the land, her land, all belongs to this grandchild, Ella." Mrs. Sam Kuula testified that Keliikanakaole told her that "she had conveyed all her property to Ella;" and also that Kuheleloa, under whom the defendants claim title, told the witness that "Keliikanakaole has disposed of her properties to Ella." This evidence was evidently believed by the jury to be true. It is clearly sufficient to justify a finding of fact to the effect that the deed was delivered to the plaintiff by the grantor and to support the verdict in that respect.

The last assignment is that the court erred in allowing the sum of $92.50 to be taxed against the defendants as costs of the first trial. The costs of the appeal on the first writ of error were taxed by this court against the plaintiff and are not by the second bill of costs in the circuit court sought to be taxed against the defendants. The costs of the second trial were likewise taxed by the court below against the defendants. The appellants' contention is that the costs of the first trial should not be borne by the defendants. It has been already held by this court, however, that in such a case as this it is the litigant who finally loses who bears all of the costs of the trial court. The "final liability to pay costs is not determined until the final judgment." *Kamalu* v. *Lovell*, 5 Haw. 181, 182.

The judgment is affirmed.

*E. Murphy* for plaintiffs in error.

*W. C. Achi* and *Robertson & Castle* for defendant in error.