ELIZA R. P. CHRISTIAN, AN INCOMPETENT PERSON, BY HERMAN V. VON HOLT, HER GUARDIAN, *v.* WAIALUA AGRICULTURAL COMPANY, LIMITED, AN HAWAIIAN CORPORATION, AND JAMES L. HOLT.

No. 1920.

ARGUED MAY 11, 1931.  DECIDED JUNE 9, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a motion by the Waialua Agricultural Company, the appellant in the case of *Christian* v. *Waialua Agr. Co.*, 31 Haw. 817, for the taxation of costs incurred by it in connection with the appeal. The amount of the costs as shown by the cost bill is $2,791.44. There is no dispute regarding the items which comprise this amount. It is contended by the Waialua Company that it prevailed on its appeal and therefore under section 2552, R. L. 1925, which provides that "costs shall be allowed to the prevailing party in judgments rendered on appeal * * * " it is entitled to its costs. It is contended by the appellee that the Waialua Company did not wholly prevail on the appeal but only prevailed in part and therefore the statute is not applicable.

It appears from the opinion in the case that there were two main issues involved, one, whether a deed dated May 2, 1910, signed by Eliza R. P. Christian, should be canceled because of her mental incompetency, and the other, whether if the deed should be canceled the Waialua Company was liable for rents. On the first of these issues we in effect decided that that portion of the decree below canceling the deed should be affirmed. On the other issue we decided that the decree awarding the complainant rents was erroneous and should be reversed and the case remanded for further proceedings. It thus appears that the Waialua Company prevailed on one of the issues and lost on the other. Under the decision of this court in *Scott* v. *Kona Development Co.,* 21 Haw. 462, an appealing party is entitled to his costs although his appeal is only sustained in part, being in other respects decided against him. This case is conclusive against the appellee's contention.

It may be regrettable that we cannot apportion the costs between the parties on some equitable basis. Under the statute, however, we have no power to do this. See *Magoon* v. *Lord-Young Co.,* 23 Haw. 187. In one of its *syllabi* the court said: "The rule that costs in suits in equity are in the discretion of the court applies only to costs in the trial court. The costs on appeal of such cases go to the party who prevails in the supreme court under R. L. 1915, Sec. 2548" (now Sec. 2552, R. L. 1925).

The motion is granted.

*A. L. Castle* and *J. G. Anthony* for the motion.

*B. S. Ulrich* and *C. M. Hite* contra.