GEORGE T. COULTER *v.* EMMA McCORD
SCHOFIELD.

No. 2029.

GEORGE T. COULTER *v.* EDELBERT EUGENE
SCHOFIELD, DEFENDANT; BANK OF HAWAII,
LIMITED, GARNISHEE.

No. 2030.

ARGUED APRIL 19, 1932.                    DECIDED JUNE 1, 1932.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

On March 5, 1932, opinions set forth on pages 296
and 309, *ante,* were filed in the two cases above entitled,
directing that the judgments excepted to be set aside and
that new trials be granted. Thereafter, on April 11, 1932,
plaintiff-appellant in each case filed his bill of costs
and motion to tax costs, each bearing date of April 9,

1932. On the same day, to-wit, April 11, 1932, decision on exceptions in each case was filed reciting that pursuant to the opinion above referred to in said case "the plaintiff's exceptions are sustained, the judgment is set aside and a new trial is granted."

Plaintiff's bill of costs in case No. 2029 contains the following items:

| "Record on exceptions | $23.00 |
|---|---|
| Supreme court costs | 14.75 |
| Accrued costs, circuit court | 23.75 |
| Bill of costs and copy | 1.00 |
| Motion for costs and attendance | 1.50 |
| Attendance at hearings in supreme court, | 6.00 |
| | $70.00" |

and in case No. 2030 it is as follows:

| "Record on exceptions | $18.50 |
|---|---|
| Supreme court costs | 13.75 |
| Accrued costs, circuit court | 28.25 |
| Bill of costs and copy | 1.00 |
| Motion for costs and attendance | 1.50 |
| Attendance at hearing in supreme court, | 3.00 |
| | $66.00" |

Thereafter, upon hearing of motion to tax costs, two questions were raised, namely, (1) as to whether the plaintiff, having had his exceptions sustained in the supreme court and a new trial granted, is entitled as part of his costs on appeal to costs accrued in the circuit court; and (2) as to whether after the decisions above referred to this court still retained jurisdiction to tax costs.

The first question is answered in the affirmative by direct statutory provision. Section 2553, R. L. 1925, provides as follows: "Whenever costs are awarded to

the appellant, he shall be allowed to tax as part thereof, the costs and fees paid in the lower court on taking the appeal, in addition to the costs of the court appealed to." No question is raised as to the correctness of the circuit court items above set forth. If correct, as we therefore assume them to be, their payment by the plaintiff on taking his appeal was under statutory requirement. Section 2553 gives him the right to their present allowance, though their final award may abide the event. While the party who prevails upon an appeal is entitled to the costs of the appeal, even though final judgment in the action is against him (*Hapai* v. *Brown*, 22 Haw. 20), final liability to pay the circuit court costs is not determined until final judgment. (*Kamalu* v. *Lovell*, 5 Haw. 181.)

As to the second question, namely, whether the appellate court, after remand, still retains jurisdiction to tax costs, both reason and precedent warrant an affirmative answer. Preliminarily, let it be noted that costs are allowed to the prevailing party in judgments rendered on appeal, with exceptions not applicable to these cases, as a matter of statutory right. (See section 2552, R. L. 1925.) "When the law declares the right to costs to follow a favorable decision, it is not requisite to the prevailing party's right thereto that in the final determination costs should be in direct terms awarded, as the prevailing party is under such circumstances entitled to costs, although the judgment is silent as to costs." 15 C. J. 258, citing in footnote 68 *State* v. *Hatch*, 36 Wash. 164, 78 Pac. 796. In the instant case the order granting a new trial did not operate as a remand to the circuit court of any issues respecting the items set forth in the above quoted bills of costs. The postponement of their consideration and allowance until after decision of the case upon its merits in this court cannot prejudice the rights of the parties upon retrial in the circuit court.

As to the question of jurisdiction: it has been elsewhere held that "the supreme court, equally with other courts, is subject to the rule that a court loses jurisdiction of a cause in which final decree has been rendered, by lapse of the term." *Krause* v. *Oregon Steel Co.*, 92 Pac. 810, 811. In the instant case the term has not lapsed. But in any event the appellate court has the "power after the term to recall the mandate to correct a misprision of the clerk, settle the cost-bill, or to determine any other matter relating to its enforcement, but not to qualify or modify that which the court has once finally determined." *Id.*, citing 1 Black, Judgments, 153, 154; *Harvey's Heirs* v. *Wait*, 10 Ore. 117; *Dray* v. *Bloch*, 29 Ore. 347, 45 Pac. 772. In conformity with the principle above recognized it has been held that "the supreme court can, after an order dismissing an appeal, and after a remittitur is sent to the court below, modify the order of dismissal so as to read 'without prejudice.'" Syllabus, *Romine* v. *Cralle*, 22 Pac. (Cal.) 296. Likewise, jurisdiction has been held to have been retained for the purpose of taxing costs. "Upon such remand being made, the case was no longer here and we no longer had jurisdiction except to entertain a motion for rehearing or modification, and, if it had not before been done, to tax the cost awarded by our own judgment." *Chicago, D. & C. G. T. J. R. Co.* v. *Simons*, 178 N. W. (Mich.) 12, 13.

Following, in so far as applicable, the rules above announced, cognizance is now taken of plaintiff-appellant's cost bills and motions to tax costs filed on April 11, 1932. Costs are allowed in the amounts in said bills set forth and in conformity with this opinion.

*J. R. Cades* (*Smith, Wild & Beebe* on the brief) for the motions.

*H. E. Stafford* (also on the brief) contra.