## SOLOMON K. LALAKEA AND MOLLIE PANG LALA-KEA *v.* LAUPAHOEHOE SUGAR COMPANY, ET AL.

### No. 2326.

ARGUED DECEMBER 5, 1940.　　　　DECIDED JANUARY 2, 1941.

PETERS, J., CIRCUIT JUDGE BUCK IN PLACE OF COKE, C. J., ABSENT, AND CIRCUIT JUDGE LE BARON IN PLACE OF KEMP, J., DISQUALIFIED.

*Per Curiam.* Costs in this court on appeal were allowed Lily Hewahewa and Thomas Kanamu Lalakea, by his guardian *ad litem,* Lily Hewahewa, respondents-appellants. (See *per curiam, ante,* p. 682.) They included attorneys' fees allowed the attorneys for the guardian *ad litem* for the services rendered by them on behalf of the minor in this court on the minor's appeal. (*Lalakea* v. *Laupahoehoe S. Co., ante,* p. 262.) Respondents-appellants now move for the entry of an order taxing the costs allowed against Solomon K. Lalakea and Mollie Pang Lalakea, petitioners-appellees, and Laupahoehoe Sugar Company, respondent-appellee, under and pursuant to the provisions of R. L. H. 1935, § 3801.

Petitioners-appellees object to the taxation of costs against them upon the ground that the question involved has already been decided otherwise in the *per curiam* referred to and, if not, that under the provisions of R. L. H. 1935, § 4756, the costs of the proceedings ultimately are to be apportioned between the various interests in the partition suit and that for the present the costs should be taxed against the losing parties and await the day of apportionment for reimbursement. The Laupahoehoe

Sugar Company, respondent-appellee, objects to the taxation against it of the costs allowed upon the grounds that under the provisions of section 4756, costs allowed on appeal should be paid by the petitioners or apportioned; that section 3801 is a general statute dealing with appeals generally, while section 4756 and the chapter of R. L. H. 1935 of which it forms a part deal with the special matter of partition and in case of conflict the latter prevails and, finally, that the determination by this court that costs are payable by petitioners "in the first instance" or that they are apportionable is not in conflict with section 3801 as such determination only goes to the problem of by whom such costs are payable and does not at all affect their allowance to the prevailing party.

Sections 3801 and 4756 are quoted in the margin,[1] except that there is omitted from the quotation of the former the exceptions and limitations therein enumerated, being inapplicable to this case. The last two sentences of section 4756 were added to the section as originally

---

[1]"Sec. 3801. Costs on appeal. Costs shall be allowed to the prevailing party in judgments rendered on appeal, in all cases, with the following exceptions and limitations."

"Sec. 4756. Costs. All costs of the proceedings in partition shall be paid by the petitioner in the first instance, but eventually by all of the parties in proportion to their interest, except such costs which may be occasioned by contests as to particular shares or interests, which shall be charged against the particular shares or interests involved and be paid as determined by the result of the trial of such particular issue. In addition to costs of the proceeding the judge may allow any fee or fees for legal services rendered by the attorneys for any of the parties, and apportion the same for costs for payment by and between the parties or any of them, all as to the judge shall seem equitable in the light of the services performed and the benefits derived therefrom by the parties, respectively. When more than ten respondents are named in a petition for partition, no greater deposit for costs shall be required of the petitioner than would be required if there were but ten respondents."

passed by the amendment of 1929. (Haw. Laws 1929, Act 179, § 1.)

The questions involved depend for their solution upon whether the provisions of section 4756, specially applicable to partition proceedings, are exceptions to the general rule in respect to the liability for costs in the supreme court upon appeal, prescribed by section 3801. If not, the provisions of section 3801 control and the liability of the appellees for costs is absolute.

In our opinion the provisions of section 4756 are not exceptions to the general rule prescribed by section 3801 and the liability for the payment of costs in the supreme court on appeal in partition proceedings is not governed by the provisions of section 4756 but by those of section 3801. The two sections are not in conflict but on the contrary, in scope and aim, are distinct and unconnected when applied to appeals. The provisions of section 3801 are therefore exclusive.

The legislature, at the time it passed the Act for the partition of real estate, of which section 4756 in its then unamended form was a part, instead of committing the determination of liability for costs in the trial court to the judicial discretion of the trial judge under the rule then obtaining in suits in equity (*Ahana* v. *Wah Yat,* 17 Haw. 326 [1906]; *Magoon* v. *Lord-Young Co.,* 23 Haw. 187 [1916]), adopted, as the basis of costs in partition proceedings, the rule generally obtaining of apportionment of costs between the parties in proportion to their interests, adding the additional requirement that the petitioner pay the same in the first instance. It excepted, however, from this provision costs occasioned by contests as to particular shares or interests. And the exception indicates the conditions under which the rule of apportionment is applicable. Costs of the proceedings in partition apportionable among the parties in proportion to their

interests are necessarily restricted and limited to costs incurred for the common good and for the benefit of all of the parties in interest. Moreover, the legislature clearly indicated by the use of the word "trial" its intention that the exception in respect to costs occasioned by contests as to particular shares or interests should apply only to costs incurred in a court in which a "trial" of such contest could be had. In construing the meaning of the word "trial," as employed in the costs statute applicable to the supreme and circuit courts, *viz.*, R. L. H. 1935, § 3791, this court held that the word "trial" did not refer to the supreme court. (*Magoon* v. *Lord-Young Co.*, *supra*, p. 190.) The reasons there assigned for its conclusion are equally applicable here. Trials in partition proceedings are had before the circuit judge at chambers, with or without a jury, as the case may be. It is further apparent that by use of the language contained in the exception "which shall * * * be paid as determined by the result of the trial of such particular issue," the legislature intended to adopt the general rule obtaining in this jurisdiction, that the liability for costs in the trial court abide final judgment. (*Kamalu* v. *Lovell*, 5 Haw. 181 [1884].) In construing the provisions of section 3801, then codified in the laws of 1905 as section 1893, this court held that the party prevailing in the supreme court upon appeal was entitled to the costs of appeal, even though the final judgment in the original action was against him, laying particular emphasis upon the provision of the statute that the rule applied *in all cases.* (*Hapai* v. *Brown*, 22 Haw. 20.) This case has been expressly approved in *Victor* v. *Pili*, 27 Haw. 745; *Christian* v. *Waialua Agr. Co.*, 32 Haw. 30; and *Coulter* v. *Schofield*, 32 Haw. 426. The rule is equally applicable to appeals from decrees in equity. (*McCandless* v. *Castle*, 25 Haw. 182 [1919].) There is nothing in the statute to indicate

that as to costs on appeal the provisions of section 4756 apply. It is conceivable that proceedings in partition might reach the supreme court by means other than by appeal when the provisions of section 4756 in respect to apportionment of costs might become applicable. It is also conceivable that a situation might arise in this court when the provisions of section 4756 in respect to attorneys' fees might become applicable. These possibilities gave rise to our observation that "the theory upon which apportionment rests applies equally to costs incurred in the supreme court as in the circuit court. Similarly as to attorneys' fees and the parties against whom the same may be charged." *Ante*, p. 683. An appeal in partition proceedings is necessarily controversial and the provisions of section 4756 for apportionment of costs on appeal could not, therefore, apply. The exception to apportionment of costs included in the section is also inapplicable. It applies only to costs in contests, trial of the issues of which were had in the circuit court. The prevailing appellants, upon their appeal, were entitled to costs in the supreme court under the provisions of section 3801 and, as construed by this court, liability for the payment of such costs devolved upon the appellees. The provisions of section 4756 have not changed the rule in this respect and the liability imposed by section 3801 upon an appeal in partition proceedings to the supreme court is not subject in any way to the provisions of section 4756.

The question here decided was not determined in our *per curiam* reported *ante*, p. 682. On the contrary, we studiously avoided deciding the question of liability as not within the issues.

Moreover, the present situation is to be distinguished from that obtaining when the question of costs in partition proceedings was previously considered upon the appeal of

the minor from the final decree in partition, reported *ante*, p. 262.

This is a direct proceeding under the provisions of section 3801 to tax costs on appeal in this court against the appellees. Upon the previous occasion the question of costs in partition proceedings arose upon the appeal of the minor from the final decree in partition of the circuit judge, reported *ante*, p. 262. Upon that appeal, we were restricted by law to a review of the decree appealed from upon the record and errors assigned by the appellants. No objection was made in the trial court by any of the parties to the allowance by the circuit judge of an attorney's fee for the services rendered by the guardian *ad litem*, including the services rendered by him in the supreme court upon the minor's appeal from the interlocutory decree in partition, reported in 33 Haw. 745. Upon the appeal of the minor from the final decree in partition no question was raised as to the propriety of an allowance by the circuit judge to the then guardian *ad litem* of the minor of an attorney's fee for the services rendered by him on behalf of the minor, including services rendered in the supreme court upon said appeal. In the absence of complaint in this court challenging the power and authority of the circuit judge so to do, the minor appellant impliedly conceded that the circuit judge was legally authorized to award an attorney's fee for services rendered by the guardian *ad litem* on behalf of the minor, not alone in the circuit court but also in the supreme court. Moreover, in the absence of any assignment of error involving the power and authority of the circuit judge to make such an allowance, we were bound, on appeal, to presume that such power and authority legally existed. As said by this court in *Ter.* v. *Kobayashi*, 25 Haw. 762, 766: "We necessarily approach a case with the assumption that no error has been committed upon the

trial and until this assumption has been overcome by a positive showing the prevailing party is entitled to an affirmance." The errors alleged by the minor appellant to those portions of the final decree in partition that referred to costs did not attack the exercise of the power and authority of the circuit judge to allow attorneys' fees but to the manner of its exercise by the circuit judge. Whether the circuit judge was correct or incorrect in determining that he was authorized and empowered by law to take cognizance of services rendered by the guardian *ad litem* in the supreme court was immaterial. His action in the absence of objection became the law of the case binding upon the parties to the appeal and binding upon this court. (*Gay* v. *Mendonca*, 7 Haw. 293.) Hence we presumed that the allowance made by the circuit judge to the then guardian *ad litem* was within the power and authority of the circuit judge and concerned ourselves only with the problems which the assignments of error presented, *viz.*, the reasonableness of the allowance made and whether the liability for payment of such allowance was consistent or in conflict with the provisions of section 4756.

Consistently with the views herein expressed, the motion is granted and the clerk directed to enter an order taxing costs in the form presented by movants.