Wailuku Sugar Co. *v.* W. C. Parke, Administrator Estate C. Kanaina.

## SUPREME. COURT—IN BANCO.

### JANUARY TERM, 1878—IN EQUITY.

*Harris, C. J., Judd and McCully, J.J.*

THE WAILUKU SUGAR COMPANY *vs.* W. C. PARKE, ADMINIS-
TRATOR OF THE ESTATE OF C. KANAINA, DECEASED.

ON APPEAL FROM THE DECISION OF MR. JUSTICE McCULLY.

THE DEFENDANT'S INTESTATE conveyed a piece of land in fee in
which he had only a life estate; the deed contained a covenant
to execute to the purchaser all such further assurances as should
be reasonably required;

HELD, that as the deceased's estate has no further title to convey,
specific performance cannot be compelled. Plaintiff's remedy is
at law for damages.

Upon full consideration of the arguments and authorities
submitted to us, as well also of the principles and facts of the
case, we are of opinion that the Court below properly dis-
missed the bill for specific performance, on the grounds set
forth in its opinion, which we hereby adopt, and so confirm
that judgment.

A. S. Hartwell for plaintiff.

E. Preston for defendant.

Honolulu, January 31, 1878.

BEFORE McCULLY, J., IN EQUITY.

Bill for specific performance, setting forth that plaintiff, in
1876, purchased from Chas. Kanaina, since deceased intestate,
for $1,500, a certain parcel of land in Wailuku, Island of
Maui, taking from him a warranty deed, which also contained
a covenant for further assurance in the following terms:

12

"And I, the said Chas. Kanaina, for myself, my executors and administrators, do hereby further covenant with the said Wailuku Sugar Company, its successors and assigns; that I, the said Chas. Kanaina, my executors and administrators, at the request and at the charges of the said Wailuku Sugar Company, its successors and assigns, shall and will, from time to time, and at all times hereafter, execute and deliver and acknowledge, or cause to be executed, delivered and acknowledged, all and every such further and other acts, conveyances and assurances in the law for the better assuring to the said Wailuku Sugar Company, its successors and assigns, of the premises in manner as above conveyed or mentioned and intended to be conveyed as by the said Wailuku Sugar Company, its successors and assigns, or its or their counsel learned in the law, shall be reasonably advised or required."

That this piece of land was the property of his late Majesty Lunalilo until his death, and that his father, the said Kanaina, was thereafter, by will, entitled to a life estate only therein, and held as tenant for life at the date of the said deed, and that there is now a paramount title, to said land in certain trustees holding the fee of Lunalilo's estate. That these trustees have proposed to the plaintiff and defendant herein to release their title to this land to plaintiffs for the like sum of money, $1,500, with interest from the date of the death of Kanaina.

It is made to appear in evidence that at the date of the purchase from Kanaina, the plaintiffs held the land under a lease, which has not yet expired, from the guardians of Wm. C. Lunalilo, of whom the said Kanaina was one.

A. S. Hartwell for the plaintiffs:

There is a paramount title in the trustees, and the deed from the defendant's intestate is now useless as against them, as far as anything is conveyed thereby.

The covenant to do or cause to be done such other acts as shall or may be necessary to assure to the defendant the title

purporting to be conveyed, to wit., the fee, can only be enforced by payment to the trustees of the money required to extinguish this title. That covenant may be enforced in equity, and by the express terms of the deed if not otherwise may be enforced against the administrator alone. See Story's Eq. Jurisprudence, Sections 715, 737 (a), 749 (c); Rawles' Covenant for Title, pp. 195, 198, 648, 656; 2 Sugden on Vendors and Purchasers, 766.

The heir would not be a necessary party under our statutes and practice, if the deed did not expressly and solely bind the personal representatives. See Story's Eq. Pleadings, Sections 167 and 476; Civil Code, Section 1059.

The decree is not against the defendant *de bonis suis,* and if made, would be satisfied by him as in any case of a judgment debt, namely, by resort to the realty through the intervention of Court.

E. Preston for defendant.

### PER CURIAM.

The issues presented are first, whether the action is properly brought against the administrator; and secondly, whether the equitable doctrine of specific performance is applicable to the facts of this case. I first consider the second question.

The strongest expression in the authorities cited by the plaintiff is that from Sugden on Vendors and Purchasers p. 766, 11th edition. "If the title prove bad and the defect can be supplied by the vendor, the purchaser may file a Bill in Equity for a specific performance of the covenant for further assurance—and a vendor who has sold under a bad title, will, under such a covenant, be compelled to convey any title which he may have acquired since the conveyance, although he actually purchase such title for a valuable consideration." But Rawle, Covenant for Title, in quoting the passage, remarks that it "is language which, unless carefully considered, might be misunderstood." It is to be observed that the title which a defendant may be compelled to give is one which he

may have subsequently acquired.    Sugden also states p. 767, "Under a covenant for further assurance a purchaser may, of course, require the removal of a judgment or other incumbrance," that is, may be compelled to pay out money to secure the vendor's title.    The essence of the doctrine of specific performance we take to be this, that in cases where a compensation in damages for a failure in a contract would not, from the nature of the case, be adequate or equivalent to the execution of the contract, and where it is within the power of the defendant to do the specific thing agreed to be done, or as in the case of real estate to release a title which he has acquired, then, equity will compel him to do the thing agreed, or to convey the title which he possesses.

In the case before us the defendant has acquired no better title than when the conveyance was made, and on the other hand it is within the power of the plaintiff to acquire the title desired by payment of a certain sum of money.    Does this come within the doctrine of specific performance?    Judge Story, Equity Jurisprudence, Section 716, says: "The ground of the jurisdiction is, that a Court of law is inadequate to decree a specific performance and can relieve the injured party only by a compensation in damages, which in many cases would fall far short of the redress which his situation might require.    Whenever, therefore, the party wants the thing in specie, and he cannot otherwise be fully compensated, Courts of Equity will grant him a specific performance."    In Section 717, "Courts of Equity will decree performance of a contract for land, not because of the particular nature of land but because the damages at law which must be calculated upon the general view of land, may not be a complete remedy to the purchaser to whom the land purchased may have a peculiar and specific value."    Likewise in Section 726, respecting contracts to build: "There can be a full compensation at law in damages, and it has been said that no such covenant ought to be enforced specifically."    In Section 74 (b), "If

'Courts of Equity refuse to interfere, they inflict no injury upon the plaintiff; for no decision is made which affects his right to proceed at law for any redress by way of damages, to which he may be entitled."

Applying these principles to the case at bar, it will be seen that they do not support the plaintiff's prayer. The defendant's estate has no further title to convey. The plaintiffs may procure the title they desire by the payment of a certain sum of money, and if they thereby suffer a wrong, the remedy is not by this proceeding. The nature and extent of Kanaina's title were well known to all parties at the execution of the deed, namely, a life estate. The authority of Sugden, above cited, that the purchaser may require the removal of a judgment or other incumbrance, cannot be extended to requiring the holder of a life estate to purchase the fee. By the Revised Statutes of Massachusetts, Chapter 59, Section 6—deeds of conveyance are construed by the legal rights of the parties. If a tenant for life conveys by a deed in fee, it is construed as a deed for life. So if one tenant in common convey the whole estate it shall be intended of his part only, unless the contrary intent clearly appears. Without such a statute it must be considered here that under the form of a conveyance of the fee the plaintiff purchased what Kanaina owned, the life estate, with his covenant, that if he should hereafter become seized of any greater estate he should execute a release of it to them. He has not acquired such, but the plaintiffs may, and it is for them to do so, and seek their remedy in damages, if they have suffered them.

With this view of the main question at issue it will be unnecessary to consider whether this bill should be brought against the administrator of the heir.

The bill is dismissed with costs.

A. S. Hartwell for plaintiff.

E. Preston for defendant.

Honolulu, October 3, 1877.