## KAHALAUAOLA U. WILLIAMS *v.* WILLIAM R. CASTLE, TRUSTEE.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 25, 1909.                DECIDED JANUARY 29, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

DOWER—*right of widow of beneficiary of income for life.*

Under a trust to pay income to the testator's widow and children and the survivor of them, and upon the death of any of the

children to his or her children; the estate to be divided upon the death of the survivor of the testator's widow and children, the widow of a child dying during the continuance of the trust has no present right of dower from the trust estate.

OPINION OF THE COURT BY HARTWELL, C. J.

This is an appeal from an order sustaining a demurrer to a petition for admeasurement of dower brought against the trustee under the will of Joshua R. Williams by the widow of John Williams one of the testator's sons and beneficiaries under his will. The petition alleges the death of testator's widow, and of one son besides the petitioner's husband. The husband's right under the will was that a share of the income of the estate be paid to him during his life. The will devises to the trustee all of the testator's estate upon trust, to "manage and invest the same in such manner as he may judge to be expedient," with power of sale and of reinvesting, "and to retain entire control of said estate during the term of this trust. And to pay the income of said estate to my wife Kaaikaula Williams and to my children Lydia, the wife of W. Chapman, John, Henry, Joshua, Josephine and Georgeana, in equal shares, during the terms of their natural lives, and the survivor of them. And upon the decease of any of my said children, his or her share is to be paid to his or her children, if any, by my said trustee, until the decease of the survivor of my said wife and children, when my estate shall be divided. And upon the decease of any of my said children without issue, their share of the income is to be divided by said trustee equally among the survivors and the issue of deceased children." A codicil revokes the provision for the daughter Lydia giving her $10 "in full of any share in my estate."

The plaintiff claims that her husband's estate was equitable in its nature and that the rule of common law limiting dower to legal estates having been abrogated by statute in England

and in many of the states is inapplicable to conditions here and ought to be disregarded, citing *Rooke v. Queen's Hospital*, 12 Haw. 380, which held that estates tail are not known to the law of Hawaii, and *Mossman v. Hawaiian Government*, 10 Haw. 436, in which the court declined to adhere to the common law rule upon the subject of conveyances made by a disseizee; further relying upon *Shoemaker v. Walker*, 2 Sergeant & Rawle 554, in which the court said, "No good reason has been assigned for excluding the wife of her dower in a trust estate," and that in Pennsylvania by usage dower and curtesy in equitable estate are placed on an equal footing. The plaintiff further claims that the husband's estate was not merely a life estate but one of inheritance because the title passed to his heirs.

The defendant denies that there is dower in an equitable estate exclusive of an equity of redemption and the like, and claims that the husband had a life estate only and that he had no equitable estate in the property but merely an equitable interest in its net income.

Whether the plaintiff would come in for any share upon the division of the estate at the termination of the trust or would then be entitled to any apportionment by way of dower cannot be determined during the continuance of the trust during which the husband had no estate, legal or equitable, to which dower could attach. An equitable life interest in the income of property, the title of which is held by a trustee subject to division upon an event still in the future, cannot upon any theory give the widow of the beneficiary a present right to dower from the trust estate.

Decree affirmed.

*T. M. Harrison* for plaintiff.

*A. L. Castle* (*Castle & Withington* on the brief) for defendant.