L. L. McCANDLESS *v.* W. R. CASTLE, TRUSTEE UN-
DER THE WILL OF JOSHUA R. WILLIAMS, DE-
CEASED, KAHALAUAOLA WILLIAMS, ROSE WIL-
LIAMS, HENRY WILLIAMS, EDWARD WIL-
LIAMS, GEORGIANA WILLIAMS, ROSE KEKA-
HIO, ANNIE SPALDING, JOSEPHINE BOYD,
GEORGIANA WRIGHT, LYDIA MOLDENHAUER
AND JOSHUA WILLIAMS.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 21, 1909.                    DECIDED JULY 9, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

ASSIGNMENTS—*alienability of interest in income.*

An equitable life interest in the income of land, the legal title
of which is held by a trustee subject to division upon an event
still in the future, is alienable and its assignment will be enforced
in equity.

ID.—*partial.*

A partial assignment of such an interest, made without the
assent of but with notice to the trustee, is good in equity.

DEED—*operation as constructive assignment.*

An ordinary warranty deed operates in equity as an assignment
to the grantee of the grantor's equitable life interest in the income
of the property described.

OPINION OF THE COURT BY PERRY, J.

This is a bill in equity for an accounting. Joshua R. Wil-
liams, who died in 1879 leaving certain real estate situate in
Ewa, Oahu, left a will in which he devised to W. R. Castle all
of his estate upon trust to "manage and invest the same in such
manner as he may judge to be expedient," with power of sale
and of reinvesting, "and to retain entire control of said estate
during the term of this trust. And to pay the income of said
estate to my wife Kaaikaula Williams and to my children
Lydia, the wife of W. Chapman, John, Henry, Joshua, Jose-

phine and Georgiana, in equal shares during the terms of their natural lives and the survivor of them," and further providing that "upon the decease of any of my said children his or her share is to be paid to his or her children, if any, by my said trustee until the decease of the survivor of my said wife and children when my estate shall be divided. And upon the decease of any of my said children without issue their share of the income is to be divided by said trustee equally among the survivors and the issue of said deceāsed children." A codicil revokes the provision for the daughter Lydia giving her $10 "in full of any share in my estate."

The bill, after reciting the will, alleges that the testator's widow and his sons Henry and John have died intestate; that Henry left surviving him a widow and five children who are now living; that John left surviving him a widow who has since married Joshua, and a son named Othello; that Othello died on or about March 13, 1900, unmarried; that by warranty deed dated October 21, 1899, the testator's children Joshua, Josephine, Georgiana and Lydia, his grandson Othello and the widows of John and Henry conveyed to the plaintiff four certain pieces of land covered by the trust expressed in the will; that in August, 1901, plaintiff notified the trustee of the execution of this deed; that at the time of the execution of the deed the lands named in the deed were producing a stated rental; that in March, 1902, the trustee sold and conveyed these lands for the sum of $1,343.30; that since October 21, 1899, the trustee has collected rents and other income arising out of these lands and their proceeds, the exact amount of which is unknown to the petitioner; and that the trustee refuses to account to the petitioner for his share of the income. The prayer is that the trustee be decreed to render an account and to pay the petitioner his share of the income.

Defendants demurred to the bill for want of equity and the

circuit judge reserved the question whether the demurrers should be sustained.

As stated in *Williams v. Castle,* ante p. 337, each of the five children of the testator named in the will acquired thereunder an equitable life interest in the income of the property, the title of which is held by the trustee subject to division upon an event still in the future. Such an interest as this, it is well settled, is alienable and its assignment will be enforced in equity. A partial assignment likewise of such an interest even though not enforceable at law is good in equity. The assent of the debtor is not, as perhaps at law, necessary. Notice to him by the assignee of the assignment is sufficient to hold the fund for the benefit of the assignee. 3 Pom. Eq. Juris., 3d ed., Secs. 1280, 1283; *County v. Campbell,* 68 Tex. 22, 27; *Warren v. National Bank,* 149 Ill. 9, 23; *Lanigan v. B. & C. Co.,* 50 N. J. Eq. 201, 204; *The Elmbank,* 72 Fed. 610, 614; *Exchange Bank v. McLoon,* 73 Me. 498, 505, 506; *Bank v. Bayonne,* 48 N. J. Eq. 246, 252; *B. & C. Co., v. Berns,* 51 N. J. Eq. 437, 438; *Appeals of Pennsylvania,* 86 Pa St. 179, 182; *Risley v. Bank,* 83 N. Y. 318, 329; *Preston v. Russell,* 71 Vt. 151, 156, 157; 2 Story, Eq. Juris., Sec. 1044. The reason usually assigned for the distinction as to partial assignments between courts of law and courts of equity is that in the former a multiplicity of suits cannot be avoided while in the latter all of the parties interested in the fund can be joined and a complete distribution made in one suit.

For the trustee it is contended that to recognize a partial assignment like that alleged in the bill will be to cause great inconvenience to the trustee, not contemplated by the testator, in the separation of accounts and that the interest of each of the beneficiaries is of a portion of the entire income and not of portions of the income arising from specific pieces of property covered by the trust. The part of the interest of the beneficiaries which is by the deed sought to be transferred to the

plaintiff is clearly designated. Upon the face of the bill it does not appear that any difficulty or hardship will result to the trustee from the assignment other than some additional book-keeping. For this, if upon the evidence it shall seem proper so to do, compensation can be made to the trustee. See *Exchange Bank v. McLoon,* supra. In a spirit of caution it may be added at this point that if at the trial circumstances are disclosed such as to render enforcement of the assignment harsh and inequitable or impracticable the court will be at liberty to act accordingly and deny the petition. Circumstances can be imagined under which it may have been proper for the trustee, in the performance of his duties under the will, to have applied the whole or a part of the income arising in one or more years from the four specific pieces of property named in the deed to losses suffered in connection with other portions of the corpus of the estate, thus rendering it impossible to divide those parts of the income among the beneficiaries. If any such circumstances are shown at the trial the court will be amply able to protect the trustee as well as all other parties concerned.

The deed to the plaintiff, reciting a consideration of $250, contains the usual operative words of conveyance, describes the land conveyed and contains the usual covenant of warranty. The ordinary rule is that a deed which purports to convey more than the grantor owns is nevertheless operative as to all of the interest which he does own. 38 Ill. App. 66, cited in 4 Cent. Dig. Col. 1332; *Appeal of Huey,* 1 Grant Cases, 51, cited in 4 Cent. Dig., Col. 1333. See also *Graves v. Amoskeag Co.,* 44 N. H. 462, 464; *Wailuku Sugar Co. v. Parke,* 4 Haw. 89, 93; *Godfrey v. Rowland,* 16 Haw. 377, 389; *Putnam v. Story,* 132 Mass. 205, 213; 1 Warvelle, Vendors, Sec. 31, and 2 Devlin, Deeds, Sec. 850. In our opinion the deed in question operates in equity as an assignment to the plaintiff of the interests at least of Joshua, Josephine and

Georgiana in the income. No particular form of words is necessary to make an equitable assignment. The intent of the parties is what is to be sought for and enforced. Even assuming that the parties in this instance in giving and receiving the deed believed that the grantors had interests in the land itself as distinguished from its income, it seems clear to us that the intention was that the grantors transfer to the grantee all of their interest not only in the land itself but also in all that it should thereafter produce whether by way of rent, interest or otherwise. It would be doing violence to their intent to now hold that all or any part of the interest of the grantors in the income has not passed to the grantee but is still in the grantors and collectible by them.

Much has been said on behalf of the trustee to the effect that the trust created by the will is an active trust; that the trustee was thereby vested with large discretionary powers and that that discretion cannot be interfered with by a court of equity. Assuming all this to be so, the enforcement of this partial assignment will not constitute an interference with the exercise of the trustee's discretion or with his control over the corpus of the estate. He will still continue as heretofore to manage the property, to sell it at his discretion and to invest and reinvest. He will be simply required to pay a certain share of the income to the plaintiff to whom it now belongs, and to refrain from paying it to his grantors who no longer own it.

If there is any equity in the bill the demurrer must be overruled. It will be unnecessary, therefore, to decide who are the remaindermen under the will, whether the remainders are vested or contingent, whether Othello's interest was pur autre vie or only during his own life, whether at his death his heirs or devisees took anything, or whether the trustee can be required to account for any share of the income which accrued prior to the date of the notice to him of the assignment.

McCandless v. Castle. 19 Haw. 515.

The reserved question is answered in the negative.

A. G. M. Robertson for plaintiff.

A. L. Castle and W. A. Greenwell (Castle & Withington, Holmes, Stanley & Olson and T. M. Harrison on the briefs) for defendants.