FRED HARRISON *v.* ROBERT WYLLIE DAVIS.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

HON. W. L. WHITNEY, JUDGE.

ARGUED FEBRUARY 11, 1915.          DECIDED MARCH 4, 1915.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE ASHFORD
IN PLACE OF WATSON, J., DISQUALIFIED.

QUIETING TITLE—*statutory action—title in stranger.*
    In an action to quiet title where the plaintiff has adduced evidence of title a defendant who has no title may not defeat the plaintiff's case by showing that one not a party to the action has a title superior to that relied on by the plaintiff.
TRUSTS—*alienation of equitable interest—object of trust.*
    The right of alienation is not a necessary incident to an equitable interest to income or support for the life of the beneficiary, and it does not exist where it would be destructive of the trust or is incompatible with its purposes though there be no express prohibition against alienation.

OPINION OF THE COURT BY ROBERTSON, C. J.

This case was previously before this court on exceptions brought by the plaintiff. Ante, p. 51. As stated in the former opinion, the plaintiff seeks to have quieted as against the defendant his claim of title to an undivided one-half of the land of Mokapu, Island of Oahu, for a term of years which was

demised originally by Holt, trustee, to one Gear, by an indenture dated June 1st, 1910. The common source of title under which these parties claim is a trust deed executed by John K. Sumner on August 16, 1892, the substance of which was set forth in the former opinion.

At the trial of an action to quiet title under the statute (R. L. Ch. 132) it is incumbent upon the plaintiff to prove a title in or to the land in dispute, and, if he fails to do so, it will be unnecessary for the defendant to make any showing. In case each party adduces evidence of title and it appears that the claims are adverse the court will decide between them, but the defendant may not defeat the plaintiff's case by showing that although he has no title in himself, one who is not a party to the action has a title superior to that relied on by the plaintiff.

When this case was last before this court the judgment of non-suit theretofore entered in the circuit court was set aside. It was held that the deed of trust created an active trust; that the legal title to the land remained in the trustee and had not been executed by the statute of uses; and that the written consent and confirmation of the lease from the trustee to Gear, given by the defendant, operated as a waiver of his right to occupy and use the land pursuant to the provisions of the deed of trust. Upon the resumption of the trial in the circuit court the defendant introduced in evidence, over the objection of the plaintiff, a warranty deed dated January 1, 1906, executed by the defendant, purporting to convey to John K. Sumner "all my one-half undivided share or interest" in the land of Mokapu, and a mortgage by the defendant to Sumner of "all my undivided one-half share and interest" in Mokapu, dated January 2, 1906. This evidence was afterwards held to be inadmissible and was stricken out on the ground that it could tend to show no more than that possibly there was a title in a stranger. The ruling was correct. Another point made by the defendant is that by reason of a certain admission made at the trial by

counsel for the plaintiff the plaintiff could not recover, in any event, more than an undivided one-fourth of the premises. The record shows that the plaintiff's counsel said "We admit that Robert Wyllie Davis took a half of our term of years, 25 term of years." The statement, if correctly reported, was not happily phrased, but what counsel meant evidently was that the plaintiff admitted that the defendant owned a half interest in the term demised to Gear. That must have been the understanding of the trial court, and, we are satisfied, that was the proper view to be taken of it. The circuit court held that the defendant had not rebutted the *prima facie* case previously made by the plaintiff, and judgment was entered declaring and confirming the plaintiff's ownership and right to possession of an undivided one-half interest in the land in question for a term of years, to wit, until June 1, 1935.

Counsel for the defendant (now plaintiff in error) contend that the lease from Holt, trustee, to Gear was a nullity and passed no interest in the land because, (1) the Sumner trust deed created a mere passive trust which, by the statute of uses, vested the legal title in the beneficiary, and (2) because, even if the trust was an active one, the defendant's equitable interest was assignable, both as to the rents and profits of the land and as to the right of residence and use, which said interest the defendant had conveyed by deed and mortgage to Sumner, as above stated, prior to the execution of the Gear lease, and Sumner had entered into possession of the land under one or both of those instruments. There was a question as to whether or not the evidence showed that Sumner was still in possession on the date of the lease to Gear, but in the view we take of the matter that would be immaterial. We are satisfied that the ruling heretofore made by this court that the trust deed from Sumner to Cartwright created an active trust was correct for the reasons stated in the former opinion. The trust deed did not expressly prohibit the assignment by Davis of his right to the rents. It seems to be conceded, and we may assume, that he could make

a valid assignment of the rents and that the conveyances to Sumner were effectual to pass to the grantee the right to receive rents collected by the trustee. *McCandless* v. *Castle,* 19 Haw. 515, 518. But could he assign his right to "reside upon said premises and while so residing to use the same for grazing or agricultural purposes"? The clear weight of authority in the United States is to the effect that a trust may be created under which the beneficiary may be entitled to receive an income which he cannot anticipate by assignment and which is free from the claims of creditors, and it is held that the right of alienation is not a necessary incident to an equitable interest to income or support for the life of the beneficiary. It is also held that the right of alienation of such an interest does not exist where it would be destructive of the trust and incompatible with its purposes though there be no express prohibition. 39 Cyc. 236; *Perkins* v. *Hays,* 3 Gray 405, 409; *Baker* v. *Brown,* 146 Mass. 369, 371; *Seymour* v. *McAvoy,* 121 Cal. 438, 442; *Mattison* v. *Mattison,* 53 Ore. 254, 259; *Barnes* v. *Dow,* 59 Vt. 530, 543; *First Nat. Bank* v. *Trust Co.,* 62 S. W. (Tenn.) 392, 399; *Monday* v. *Vance,* 51 S. W. (Tex.) 346, 349; *Roberts* v. *Stevens,* 84 Me. 325; *Bennett* v. *Bennett,* 217 Ill. 434, 442. We hold that under the deed of trust here involved the right of Davis to occupy and use the land for certain purposes was personal to Davis and did not extend to his assigns. This was the intention of the donor as we gather it from the deed. The object was to provide and secure for the defendant either a home and an opportunity to make a living out of the land, or an income, as he might elect to take. A right to assign the right of occupancy would be incompatible with that object and we must give effect to the apparent intention of the donor in this respect even though the right to assign the income was not restricted. The defendant having waived his right to occupy the premises, the lease to Gear was valid and operative, and its validity was not affected by the conveyances made by the defendant to Sumner.

Our conclusion is that the judgment of the circuit court was in accordance with the law and the evidence, and it is affirmed.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for plaintiff in error.

*W. B. Lymer* (*Thompson, Wilder, Milverton & Lymer* on the brief) for defendant in error.