Syllabus.

L. L. McCANDLESS, *v.* W. R. CASTLE, TRUSTEE
UNDER THE WILL OF JOSHUA R. WILLIAMS,
DECEASED, KAHALAUAOLA WILLIAMS, ROSE
WILLIAMS, HENRY WILLIAMS, EDWARD
WILLIAMS, GEORGIANA WILLIAMS, JOSE-
PHINE BOYD, GEORGIANA WRIGHT, LYDIA
MOLDENHAUER AND JOSHUA WILLIAMS.

## No. 1149.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. W. S. EDINGS, JUDGE.

ARGUED MAY 19, 1919.                    DECIDED JULY 1, 1919.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DEBOLT
IN PLACE OF EDINGS, J., DISQUALIFIED.

WILLS—*construction.*

    In construing a will the intention of the testator, when it can
be ascertained, will be given effect.

RES JUDICATA—*pleading.*

    In an attempt to plead *res judicata* where the pleading does not
allege that the party sought to be bound was either a party to
the prior proceeding relied upon or in privity with a party thereto
such pleading does not raise the issue of *res judicata.*

OPINION OF THE COURT BY KEMP, J.

This is a bill in equity for an accounting. Joshua R.
Williams died June 28, 1879, and left a will in which he
devised to W. R. Castle all of his estate in trust to "man-
age and invest the same in such manner as he may judge
to be expedient and at any time to sell any portion of my
estate, real or personal, without obtaining any order of
court and to reinvest the same and to retain entire con-
trol of said estate during the term of this trust. And to
pay the income of said estate to my wife Kaaikaula Wil-

liams and to my children, Lydia, the wife of W. Chapman, John, Henry, Joshua, Josephine and Georgiana, in equal shares, during the term of their natural lives, and the survivor of them. And upon the decease of any of my said children, his or her share is to be paid to his or her children, if any, by my said trustee until the decease of the survivor of my said wife and children, when my estate shall be divided. And upon the decease of any of my said children without issue, their share of the income is to be divided by said trustee equally among the survivors and the issue of deceased children." By codicil the daughter Lydia was excluded from participation in the income of the estate and was devised ten dollars in full of any share in testator's estate. W. R. Castle was named trustee and executor of the will. The will was duly probated and said W. R. Castle qualified as executor and trustee and is still acting as such trustee. The testator left surviving him Kaaikaula, his widow, and the following children: Josephine, Georgiana, Joshua, Henry, John and Lydia. The sons Henry and John and the widow Kaaikaula have since died intestate. Kaaikaula, the widow, died in 1881 and left surviving her as her heirs at law her six children named above. John died May 3, 1890, and left surviving him a wife, Kahalauaola, now the wife of Joshua Williams, to whom she was married in 1892; and an only child, Othello Williams, a son by a former marriage. Othello died intestate on or about the 13th day of March, 1900, unmarried, and without issue and having neither father nor mother (his mother having died in 1883) nor legitimate brother or sister living. Henry died December 21, 1891, and left surviving him the defendant Rose Williams, his widow, and six children, Henry, Edward, Georgiana, Anna (Spalding), Hattie P. and Rose K. Hattie P. died in June, 1899, intestate, unmarried and without issue. Rose K. died in

1908, intestate, after having joined in the deed of January 16, 1906, to plaintiff, hereafter referred to. On or about the 21st day of October, 1899, the defendants Josephine Boyd, Georgiana Williams, Lydia Chapman (Moldenhauer), Joshua Williams, Othello Williams, Kahalauaola Williams and Rose Williams, the latter also purporting to act on behalf of her minor children, executed to plaintiff L. L. McCandless a warranty deed conveying apanas 1 and 2 of R. P. 762, L. C. A. 2042 to Kauohilo and also apanas 1 and 2 of R. P. 764, L. C. A. 2043 to Kawaha. On January 16, 1906, Anna Spalding (widow), Henry Williams, Rose Kekahio (Williams), Edward Williams and Georgiana Williams conveyed to the plaintiff all their right, title, interest and estate in and to the estate of their grandmother Kaaikaula, deceased. At the time of the death of the testator he was the owner of apanas 1 and 2 of R. P. 764, L. C. A. 2043 to Kawaha, but was not the owner of, nor had he any interest in, apanas 1 and 2 of R. P. 762, L. C. A. 2042 to Kauohilo. As to this last tract it appears that Kauohilo, the original grantee thereof, at the time of his death was the owner. He died December 25, 1869, intestate. By decree of this court in probate No. 1881, Opunui, Kaaikaula (wife of Joshua Williams) and Wahine (Wahinekoa) were held to be each entitled to an undivided one-sixth interest in the estate of said deceased. Wahinekoa died prior to June 27, 1883, intestate, leaving as her heirs at law Pele and Mele Nukilani. On June 27, 1883, J. W. Opunui, Pele and Mele Nukilani conveyed to W. R. Castle for the benefit of the heirs of Joshua R. Williams all of the interest of the grantors in L. C. A. 2042. The interest of Opunui, Mele and Pele in L. C. A. 2042 was an undivided one-third interest and was purchased by the trustee with trust funds at the request of the beneficiaries of the estate. Under these circumstances we do not think

that any of the parties to this controversy are in position to assert that the interest so purchased did not become a part of said estate, and we shall so consider it for the purposes of this case.

On August 23, 1901, plaintiff notified W. R. Castle of the conveyance of October 21, 1899. At the time of the conveyance to plaintiff the lands described in the complaint were leased partly to the Honolulu Sugar Company and partly to Chow Foo at an annual rental of $35. On March 22, 1902, W. R. Castle sold said lands to the Woodlawn Fruit Company for $1343.30. On this state of facts L. L. McCandless brought this bill for accounting against W. R. Castle, trustee, and joined all of the beneficiaries of said trust as parties defendant, claiming that he is entitled to the moneys received by said trustee from and for the property which the other defendants attempted to convey to him by the deed of October 21, 1899.

The defendants demurred to the bill for want of equity and the circuit judge reserved to this court the question whether the demurrer should be sustained. This court in 19 Haw. 515 answered this question in the negative, holding that a deed which purports to convey more than the grantor owns is nevertheless operative as to all of the interest which he does own and that the deed of October 21, 1899, operates in equity as an assignment to the plaintiff of the interest at least of Joshua, Josephine and Georgiana in the income derived from the lands in question. The court did not decide who are the remaindermen, whether the remainders are vested or contingent, whether Othello's interest was *pur autre vie* or only during his own life, whether at his death his heirs or devisees took anything, or whether the trustee can be required to account for any share of the income which accrued prior to the date of the notice to him of the assignment. After the demurrer was overruled the defendants

answered admitting most of the allegations of the bill but denying some and alleging fraud and misrepresentation by McCandless in procuring the deed to be executed and also pleading or attempting to plead *res judicata*. A trial was had on these issues and a decision rendered finding against the defendants on the issues of fraud and *res judicata* and a decree entered decreeing the plaintiff to be entitled to an undivided one-fifth interest in the income of the trust estate created by the will of Joshua R. Williams, deceased, during the life of Joshua R. Williams, the son of decedent, an undivided one-fifth interest in the income of the trust estate created by the terms of the will during the life of Josephine Boyd, a daughter of decedent, an undivided one-fifth interest in the income of the trust estate created by the will during the life of Georgiana Wright, a daughter of decedent; that he is the owner of a vested equitable remainder in and to an undivided one-fifth part, share or interest of the income of the trust created by the will; that he is the owner in fee simple of an undivided one-half interest in and to the lands and premises described in R. P. 762, L. C. A. 2042.

An accounting from defendant W. R. Castle, trustee, is ordered for four-fifths of the income of the trust estate created by the will of Joshua R. Williams, deceased, from August 30, 1901, to March 22, 1902, and four-fifths of such proportionate share of the consideration received by defendant W. R. Castle, trustee, from the Woodlawn Fruit Company, Limited, as the value of lands described in R. P. 764, L. C. A. 2043 bears to the aggregate value of the premises sought to be conveyed by the said deed of W. R. Castle, trustee, to the Woodlawn Fruit Company, Limited, as amended, with interest thereon at the rate of eight per cent. per annum from March 22, 1902, to the date hereof; that he have an accounting from the defendant W. R. Castle, trustee, of one-half of all the rents

received by him from tenants or occupants of the lands or premises described in R. P. 762, L. C. A. 2042, who leased or occupied the same under lease or tenancies from the said defendant W. R. Castle, acting or pretending to act as trustee under the will and of the estate of Joshua R. Williams, deceased. A. E. Restarick, Esq., was appointed master and was ordered and directed to take and make and report to the court the accounts as above indicated. From this decree all of the defendants have appealed.

The appellants' first contention is that there is no evidence on which to find that the interest of the defendants other than W. R. Castle, trustee, in any portion of the trust fund held by him, was assigned to appellee by the deed of October 21, 1899. This we think is not an open question at this time. This court, in answering the reserved question as to whether the demurrer to the bill should be sustained, held in effect that the deed itself is evidence of that fact and should be given that effect unless at the trial facts were disclosed which would render the enforcement of the assignment harsh and inequitable or impracticable. It was pointed out by way of illustrating what might arise to make the enforcement of the assignment inequitable that the income derived in one or more years from the property here involved might be necessarily applied in whole or in part to losses suffered in connection with other portions of the corpus of the estate, in which event the trial court would be able to protect the trustee as well as all other parties concerned. Under this decision we think it is clear that the plaintiff acquired whatever interest, legal or equitable, the grantors in the deed of October 21, 1899, above referred to, possessed in the lands therein described, and is now entitled to an accounting on that basis unless facts have been disclosed which would render such a decree harsh,

inequitable or impracticable, or unless, as contended by the appellants, the matter has already been adjudicated in the probate court and that plaintiff procured said deed by fraud. We are unable to see that any facts have been disclosed which would have a tendency to render the enforcement of the assignment harsh, inequitable or impracticable. We also hold that the ruling to the effect that the alleged fraud was not proven and that the discharge of the executor is not a bar to the suit for accounting is correct, but these questions will be further discussed in their order.

In order therefore to determine what the plaintiff's rights are we must determine what the interest of each of the grantors was. In *Williams* v. *Castle*, 19 Haw. 337, 339, it was held that each of the five children of the testator named in the will acquired thereunder an equitable life interest in the income of the property the title of which is held by the trustee subject to division upon the happening of an event still in the future. They each also owned in fee simple an undivided 1/36 interest in L. C. A. 2042, inherited from Kaaikaula, which the trustee assumed to hold, lease and dispose of as part of the estate. Three of those five children are grantors in the deed in question. We have already pointed out that this court held, when this matter was before it on the question of overruling or sustaining the demurrer, that the deed in question operates in equity as an assignment to the plaintiff of the interest at least of Joshua, Josephine and Georgiana in the income derived from the lands in question (*McCandless* v. *Castle*, 19 Haw. 515). We therefore conclude that from each of these three children the plaintiff acquired a right to the income which such child was entitled to receive from that portion of the trust estate represented by the lands and from the money received by the trustee for the lands forming a part of

the trust estate and attempted to be conveyed by the three children of the testator and others and the income derived from the 1/36 interest in L. C. A. 2042 owned by each of them. It is apparent that he also acquired the undivided 4/36 interest in L. C. A. 2042 owned in fee by these three children and Othello, and Rose's dower interest in her deceased husband's 1/36 interest, but we are not interested in this as it does not affect the accounting. This holding is not in accord with the finding below as to the interest of these three children of the testator. The finding below is not limited to the income derived from that portion of the trust estate represented by their interest in the land and its proceeds as it should have been, but includes the income derived from their interest in the whole estate as well as a portion of the corpus of the estate. We are not concerned with the interest of the children of Henry, the deceased son of the testator, in the income of the estate. The court below found that the attempt of Rose Williams, their mother, to convey their interest was without authority and did not convey their interest. However they, together with their mother, Rose Williams, did on January 16, 1906, convey to plaintiff all their right, title and interest in the estate of their grandmother Kaaikaula, deceased. Their grandmother at the time of her death owned an undivided 1/6 interest in L. C. A. 2042 and the father of the grantors was one of the six heirs at law of their grandmother. The most that can be said is that plaintiff by the deed of January 16, 1906, acquired an undivided 1/36 interest in L. C. A. 2042, but we fail to find where the trustee has assumed to lease and collect rentals from this land since the date of the deed to plaintiff. Under these circumstances if the trustee has continued to lease said lands it is plaintiff's own fault such action has been permitted as such interest as he acquired from the children of Henry Williams was

a fee simple title and could have been asserted by him at any time.

Lydia's interest in L. C. A. 2042 was the same as her brothers and sisters and was conveyed by the deed of October 21, 1899. She had no interest in the trust estate.

Othello's interest in the trust estate is not so easy to ascertain. His interest in L. C. A. 2042, like the other principal grantors, was an undivided 1/36 in the fee simple, subject to the dower interest of the stepmother Kahalauaola. There can be no question that had he lived he would have been entitled to the 1/5 of the income of the trust estate so long as any of the children of the testator survived, but did he possess such a right as was not extinguished by his death? This depends of course upon whether the interest in the income of the estate which a grandchild was to receive under the terms of the will upon the death of his parent was *pur autre vie* or only during the life of such grandchild if such grandchild should die, as Othello did, before the death of the survivor of the testator's children. The intention of the testator when it can be ascertained will be given effect. *Harrison* v. *Judd,* 3 Haw. 421; *Thurston* v. *Allen,* 8 Haw. 392.

The will directs the trustee to pay the income to the wife and five named children in equal shares during the term of their natural lives, and then directs that "upon the decease of any of my said children, his or her share is to be paid to his or her children, if any, by my said trustee until the decease of the survivor of my said wife and children, when my estate shall be divided." The will does not provide who shall be the recipients of the estate upon its division, nor is there any express disposition of income previously paid to a grandchild who dies before the death of the last survivor of testator's wife and children. We are trying to ascertain the intention of the testator as to the disposition of income which became pay-

able to a grandchild who predeceased the survivor of testator's wife and children. We must also ascertain what his intention was as to who should share in the division of the estate upon the happening of the event authorizing its division, or at least we must ascertain whether or not it was the intention that a grandchild should take a vested remainder in both the income and corpus of the estate. This is what the court below held that Othello took. The language used as to the payment of a deceased child's share of the income to his or her children is that it shall be paid to such child or children "until the decease of the survivor of my said wife and children." This language, taken in connection with the fact that the will does not undertake to provide for the disposition of income being paid to a grandchild in the event of the death of such grandchild prior to the death of the survivor of the testator's wife and children, leads us to the conclusion that upon the death of a child of the testator leaving a child or children surviving such child or children took a vested remainder in the share of such child in the income of the estate and that upon the death of a grandchild to whom such a share was being paid the trustee would be bound to pay such share to the heirs of such grandchild until the death of the survivor of the testator's wife and children, or in the event such grandchild had assigned such share then to the assigns of such grandchild for the same period.

But the circuit judge awarded plaintiff four-fifths of the consideration received by the trustee for the land, one-fifth of which was evidently awarded upon the theory that Othello had a vested remainder in both the income and the corpus of the estate, which passed to the plaintiff by Othello's deed. We are unable to agree with the circuit judge in this respect. The title by the express language of the will is in the trustee together with the right

to sell the same and reinvest the proceeds entirely independently of the approval of the probate court or any authority whatsoever until the death of the survivor of the wife and children of the testator, at which time he provides that his estate shall be divided. There is no attempt on the part of the testator to designate the persons who shall at this time be entitled to participate in the distribution of his estate. But in order to prevent partial intestacy, if possible, the court will attempt to ascertain whom the testator intended to take his estate. It is clear that no character of title, either by way of remainder or otherwise, in any specific parcel of testator's property vested in any person other than the trustee during the life of the wife or any of the children of testator, otherwise the trustee could not sell as the will authorizes him to do. We are of the opinion and hold that the interest of Othello in the corpus of the estate was at most a contingent remainder contingent upon his surviving the last of testator's children, which he did not do. Othello's deed to plaintiff therefore passed to plaintiff no interest in the corpus of the estate.

The other three-fifths interest in the consideration received by the trustee for the lands involved which was awarded to the plaintiff was evidently awarded on the theory that this interest was acquired by the deed of Joshua, Josephine and Georgiana. They had no interest in the corpus of the estate and therefore could convey none.

The defendants other than the trustee have pleaded fraud and misrepresentation by plaintiff, alleging in substance that he fraudulently procured said deed to be executed by representing to them that they were only conveying to him their interest in property they had inherited from their mother, whereas in fact their deed to him conveyed also the lands devised by their father Joshua R.

Williams to W. R. Castle, trustee. Upon the trial some of the defendants testified that in negotiating with them plaintiff told them he wanted to buy the land inherited from their mother and that was all they agreed to sell him. Others never had any talk with him, having signed the deed, without reading it, at the request of one or more of their codefendants. Plaintiff denied having made such statements. The burden of proof on the issue of fraud is upon the party pleading it. *De Souza* v. *Soares,* 22 Haw. 17. On an appeal in an equity case the findings of fact by the circuit judge are not binding on the supreme court, but where the findings depend upon the credibility of witnesses and the weighing of conflicting testimony such findings are entitled to great weight. *Sumner* v. *Jones,* 22 Haw. 391. The finding of the circuit judge in this case upon the issue of fraud is upon conflicting testimony and will not be disturbed.

The plea which is relied upon to raise the issue of *res judicata* is by the defendant W. R. Castle, trustee, and alleges in substance that he was by decree of the probate court of date April 23, 1907, discharged as executor and his accounts as such executor up to December 30, 1906, approved, settled and adjusted and he as executor ordered to turn over the residue of the estate to himself as trustee; that in said accounts the income from said land and the proceeds thereof were accounted for and paid over to the sundry parties as beneficiaries under the will; that plaintiff had knowledge of the rendition of said final account and the settlement thereof and made no objection thereto; that the distribution was made in good faith among the devisees named in said will. Defendant suggests that it would be inequitable to compel him to account to plaintiff for said income paid over under order of the court.

The plaintiff asserts that this is not a plea of *res*

*judicata* and is not sufficient as a pleading to raise that issue. The doctrine of *res judicata* generally stated is that a fact or question which was actually and directly in issue in a former suit and was there judicially passed upon and determined by a domestic court of competent jurisdiction is conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies in the same court or in any other court of concurrent jurisdiction upon the same or a different cause of action. (23 Cyc. 1215.)

It is not alleged that the plaintiff was a party to the probate proceedings nor is it alleged that he is in privity with any one who was a party thereto. The nearest such plea comes to alleging such facts is contained in the allegation to the effect that the plaintiff knew of the rendition of the final account and the settlement thereof and made no objection thereto. Whether plaintiff was a party to the probate proceeding is certainly a material fact in the determination of the question of whether he is bound thereby. A material fact, if not alleged, is presumed not to exist. (31 Cyc. 86.) We conclude that the plea falls short of raising the issue of *res judicata.*

To summarize our conclusions, we hold that the plaintiff is entitled, during the life of Joshua Williams, a son of the testator, to one-fifth of the income received by the trustee from apanas 1 and 2, L. C. A. 2043, R. P. 764, which were devised to him, and one-fifth of the income received by him from the undivided one-third interest in apanas 1 and 2, L. C. A. 2042, R. P. 762, conveyed to him as trustee by Opunui et al. from and after August 23, 1901, and one-fifth of the income received or which may be received by the trustee during the life of the said Joshua from the money received by said trustee for said

lands or any reinvestment thereof. The trustee had no authority to sell the undivided one-sixth interest in L. C. A. 2042, the title to which was vested in Kaaikaula Williams, deceased, and conveyed to the plaintiff by the deeds herein referred to. Even though the deed of the trustee to the Woodlawn Fruit Company purports to convey the undivided one-sixth interest in L. C. A. 2042 which was vested in plaintiff it was nevertheless ineffectual to accomplish that end so far as we are able in this proceeding to ascertain. Plaintiff would therefore have no interest either in the consideration received by the trustee for this undivided one-sixth interest in L. C. A. 2042 or the income derived from an investment thereof. Plaintiff is entitled, during the life of Josephine Boyd, a daughter of the testator, to a like proportion of the income as set out above, and also during the life of Georgiana Wright, another daughter of testator, to a like proportion of said income. By virtue of the conveyance of Othello Williams he is entitled to a like proportion of the income during the life of the last survivor of the three children above named.

The decree appealed from awarded plaintiff certain interest in the consideration received by the trustee for the lands sold to the Woodlawn Fruit Company. He is clearly not entitled to this, but in lieu thereof is entitled to the income arising therefrom. The trustee had the title to the estate, the right to sell it and to reinvest the proceeds paying the income to the designated parties until the death of the survivor of testator's wife and children. The trustee is liable to parties entitled to the income only for the amount actually received by him as income after deducting his expenses and commissions properly chargeable. Under these circumstances it was proper for the circuit judge to appoint, as he did, a master to take, make and report to the court the account of the income re-

Syllabus.

ceived by the trustee from the property and its proceeds as herein held to be payable to the plaintiff.

The cause is remanded with instructions to modify the decree to conform to the views herein expressed.

*E. C. Peters (Peters & Smith* on the brief) for plaintiff.

*A. Withington (Castle & Withington* on the brief) for W. R. Castle, Trustee.

*W. B. Pittman (Andrews & Pittman* on the brief) for defendants. Kahalauaola Williams, Georgiana Wright, Joshua Williams, Josephine Boyd and Lydia Moldenhauer.

*Marguerite K. Ashford* for Henry Williams, Edward Williams, Georgiana Williams and Annie Spalding Fern.