## MRS. KANOHOHOOKAHI KALUHIWA *v.* MANUEL MIGUEL, ELI KAUKINI KAMEAHAIKU, KA-WAHE, KAKA, MALIE, LUKA, ELENA, KEAE AND EMMA A. Y. ALULI.

### No. 1211.

### EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT. HON. C. K. QUINN, JUDGE.

ARGUED NOVEMBER 24, 1919.          DECIDED NOVEMBER 28, 1919.

KEMP, J., AND CIRCUIT JUDGES FRANKLIN AND THOMPSON IN PLACE OF COKE, C. J., AND EDINGS, J., ABSENT.

PLEADING—*action to quiet title—cross complaint—sufficiency of.*

In an action to quiet title under the statute even if the defendant may file a cross complaint against his codefendants which is doubtful a pleading of a defendant which sets up his title but fails to ask affirmative relief against his codefendants can not be regarded as a cross complaint.

EVIDENCE—*stipulation—effect of stipulation.*

When parties to an action stipulate certain facts to be true and further stipulate that certain witnesses if called would testify to other facts, both the facts stipulated to be true and the facts which it is stipulated the witnesses would testify to if called are before the court as evidence when the stipulation is filed.

DISMISSAL AND NONSUIT—*action to quiet title—failure of plaintiff to prove title.*

In an action to quiet title under the statute it is incumbent upon the plaintiff to prove a title in or to the land in dispute and if he fails to do so it will be unnecessary for the defendant to make any showing.

SAME—*same—same.*

The plaintiff having failed to prove the title in or to the land in dispute, there being nothing to authorize a litigation of the title between codefendants, the only judgment which the court was authorized to render was to nonsuit the plaintiff.

### OPINION OF THE COURT BY KEMP, J.

This is a statutory action to quiet title to certain land

situated in the city of Hilo, Hawaii. The plaintiff Mrs. Kanohohookahi Kaluhiwa brought this action against the above named nine defendants. At the trial, before the plaintiff offered her evidence, the cause was dismissed as to the defendants Kaka and Keae and the trial proceeded against the remaining seven defendants. As part of the evidence to be considered in the case it was stipulated by all of the parties in part as follows: "(1) It is stipulated that the title to the property involved in this cause was vested in one Hoapili Kalahiki, who took from her father Kaukini, at the time of her death and that whatever title to the said property any of the parties hereto may have at present is derived from the said Hoapili Kalahiki." It was further stipulated by the parties "that if Joseph Kalana and John Kaimi shall be called as witnesses of this case on behalf of Emma Y. Aluli, they will each give as their evidence as follows: That Pakaikai (k) and Kakapulani (w) were married and had issue: Uaua (k), Kaukini (k), Luka (w), Waianuhea (k); that Uaua (k) married Kelikeia (w) but had no issue; that Kaukini (k) married Malia (w) and had as issue Hoapili (w); that Hoapili (w) married Sam Kalahiki (k) and had no issue and that Sam Kalahiki died before said Hoapili; that Luka (w) married Kaimi (k) and had as issue John Kaimi (k); that Waianuhea (k) married Miliana (w) and had issue, Waianuhea, Kamala and Luka, all of whom died intestate." The plaintiff also offered oral evidence which tended to prove that she was related to Hoapili Kalahiki through the maternal line of ancestors of the said Hoapili Kalahiki, that is, that she is the daughter of a brother to Hoapili Kalahiki's mother. The plaintiff further offered in evidence the deed, which was admitted over the objection of defendant Manuel Miguel, by which certain other persons who are admitted and shown by plaintiff's evi-

dence to have been related to Hoapili Kalahiki through
the maternal line of ancestors conveyed their interest in
the land to the plaintiff.   The court having before it
the evidence above outlined and the stipulation above
referred to the plaintiff rested, whereupon the attorney
for the defendant Aluli asked to be permitted to take
the stand and put on her case and defendant Manuel
Miguel moved the court at the same time to enter a
non-suit upon the following grounds:   "(1) That the
plaintiff has failed to prove as alleged in her declara-
tion, that she is the owner of the land therein de-
scribed; (2) that the plaintiff has shown, if anything,
that she is the descendant of the maternal line of an-
cestors of Hoapili Kalahiki who is admitted by stipu-
lation to have been the owner of the land in question,
while the evidence and stipulation show that the title
in the land has descended through the paternal ances-
tors of Hoapili Kalahiki."   The granting of the nonsuit
was contested by the plaintiff and the defendant Aluli
on the ground that there was sufficient evidence to decide
who is the lawful owner of the property.   The motion
for nonsuit was overruled, to which ruling the defendant
Miguel excepted.   The court thereupon granted the re-
quest of the attorney for the defendant Aluli and per-
mitted him to offer his evidence tending to establish title
to the property in controversy in the defendant Aluli,
which proceeding was objected to by the defendant
Miguel on the ground that the plaintiff had shown no
title in herself and that therefore the only judgment
which the court would be authorized to enter would be
to nonsuit the plaintiff. Numerous exceptions were taken
by the defendant Miguel during the course of the further
proceedings had in the cause, but if the conclusion is
reached that the nonsuit should have been granted and
the proceedings stopped at that point it will be unneces-
sary for us to consider any of the other exceptions.

At the close of the case as presented by the defendant Aluli and contested by the defendant Miguel the court entered the following judgment: "This action having been brought by the plaintiff alleging that she is the owner of that certain piece or parcel of land situated in the city of Hilo, County of Hawaii, Territory of Hawaii, as set forth and described in plaintiff's complaint, coming on to be heard before me on the 26th day of May, 1919, when all the parties above named appeared and were at issue to the court, jury being waived. The court having heard the parties, finds that the plaintiff takes nothing by her complaint and that the defendant Emma A. Y. Aluli is hereby adjudged and decreed to be the owner of the land described in the said complaint and entitled to the full and undisturbed possession of the same. Therefore it is adjudged that the defendant recover of the plaintiff her costs." The plaintiff having accepted the judgment of the court the case is before us upon exceptions of the defendant Miguel.

Section 3246 R. L. 1915, after providing in detail how estates shall descend in this Territory, contains the following language: "Provided, however, that if the estate come through either parent of the deceased intestate, the brothers and sisters of that parent and their respective heirs shall be preferred to those of the other parent."

It will be seen from an examination of the stipulation that facts were stipulated which show that this property would descend from the said Hoapili Kalahiki to those related to her through her paternal ancestor, if any such persons existed at the time of her death, and it was further stipulated that two witnesses would testify if called that there was a person in existence who is related to the said Hoapili Kalahiki through her paternal ancestor, viz., a son of her father's sister. It having been shown

by the plaintiff's oral testimony that she and those from whom she held the deed are related to the said Hoapili Kalahiki through her maternal ancester it would follow that her evidence and said stipulation taken together showed a state of facts which would preclude any possibility of her having title.

The contention of the defendant Aluli that the facts disclosed by the stipulation were not before the court as evidence until proven by other evidence is without merit. The object of a stipulation such as the one in this case is to avoid the necessity of bringing other evidence to establish the facts stipulated as true and to avoid the necessity of calling certain witnesses who it is stipulated if called would testify to certain facts. Both the facts stipulated to be true and those which it is stipulated certain witnesses would swear to if called are fully before the court as evidencec when the stipulation is filed.

"At the trial of an action to quiet title under the statute (R. L. Ch. 132) it is incumbent upon the plaintiff to prove a title in or to the land in dispute, and, if he fails to do so, it will be unnecessary for the defendant to make any showing." *Harrison* v. *Davis,* 22 Haw. 465, 466.

We have already seen that the plaintiff failed to show that she had any title in or to the land in dispute. From this it would follow that the nonsuit should have been granted and no further proceedings had in said cause unless in an action of this kind codefendants are entitled to litigate between themselves the question of which one has the title to the land in dispute, which is at least doubtful. *Harrison* v. *Davis, supra; Mercer* v. *Kirkpatrick,* 22 Haw. 644, 646.

In 18 C. J. 1175 it is held that where one of several defendants files a cross complaint asking relief against

plaintiff and other defendants the court cannot on non-suiting the plaintiff dismiss the cross complaint. If then a defendant has the right in an action of this kind to file a cross complaint against other defendants and has actually done so in this case the nonsuiting of plaintiff would not dismiss the cross complaint.

In view of the conclusion which we have reached from an examination of the pleadings of the defendants in this case it will be unnecessary for us to decide whether or not a defendant in an action of this kind is entitled to file a cross complaint against other defendants. There is no contention that any of the defendants have so pleaded except the defendant Aluli who filed an answer containing in part the following allegations and prayer: "That she admits the allegations contained in paragraph numbered 2 of said complaint that she 'Emma Y. Aluli is in possession of said premises' and as to the allegation that the other named defendants are claiming said land this defendant (Emma Y. Aluli) leaves plaintiff to her proof thereof. Further answering defendant Emma Y. Aluli says that said plaintiff and said defendants Manuel Miguel, Eli Kaukini Kameahaiku, Kawahe, Kaka, Malie, Luka, Elena and Keae have no right, title or interest whatever in and to the land described in the complaint, but that she, this defendant (Emma Y. Aluli), is the sole owner of said land as trustee under and by virtue of that certain deed dated January 20, 1914, recorded in liber 390, pp. 488, in the territorial registry office, Honolulu, by one John Kaimi (and his wife) the sole heir at law of one Hoapili Kalahiki, the former owner of said land, a copy of which deed, marked exhibit 'A' is hereto attached and made a part hereof, and to which special reference is hereby made. Wherefore this defendant prays for judgment and for her costs herein and

for such other and further relief as to this court may seem just and proper."

This pleading of the defendant Aluli does not, we think, constitute a cross complaint. She evidently did not so regard it for she styled it "Answer of Emma Y. Aluli." In *White* v. *Reagan,* 32 Ark. 281, it is held that the only difference between a complaint and a cross complaint is that the first is filed by plaintiff and the second by defendant. Both contain a statement of facts and each demands affirmative relief upon the facts stated.

The answer of the defendant Aluli alleges that she is the owner of the land in controversy and alleges the facts which she relies upon to show that title. She nowhere asks in said answer for affirmative relief against her codefendants, her prayer being merely for judgment and costs "and for such other and further relief as to this court may seem just and proper." There being no pleading which could be termed a cross complaint of the defendant Aluli against her codefendants is sufficient reason why no other judgment than a judgment of nonsuit against the plaintiff should have been entered in this case.

The defendant Miguel's exception number 4 brought up to this court squarely raises the question which we have discussed. We think that said exception should be sustained and that the other exceptions brought up by said defendant need not be considered.

The exception discussed is sustained.

*N. W. Aluli* for defendant Aluli.

*C. S. Carlsmith* (*Carlsmith & Rolph* on the brief) for defendant Miguel.