ELLA K. VICTOR *v.* MALIA PILI, CHARLES PILI, MIKAELE . (K), WILLIE KUHELELOA, KUNE-WA (W) AND MILE KAIUE (W).

## No. 1379.

ERROR TO CIRCUIT COURT SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

ARGUED OCTOBER 17, 1922.                    DECIDED NOVEMBER 6, 1922.

PETERS, C. J., PERRY AND LINDSAY, JJ.

QUIETING TITLE—*common source of title—proof of plaintiff's title.*

The fact that both parties in an action to quiet title claim title through the same person renders unnecessary proof at the trial that the title was in that common source immediately prior to the conveyances under which the parties respectively claim but does not render unnecessary proof that the title passed from that common grantor to the plaintiff.

OPINION OF THE COURT BY PERRY, J.

This is an action to quiet title, instituted in the circuit court of the second circuit. After trial by jury, a verdict in favor of the plaintiff and the entry of judgment accordingly, defendants brought the case to this court by writ of error. One of the assignments is that the court erred in refusing to grant plaintiff's motion for a nonsuit. The motion for a nonsuit was based upon the two grounds, among others, that there had been no proper identification of the land in question and that there was

not even a scintilla of evidence to be submitted to the jury.

The defendants by their answer claimed the property in question as heirs of a grantee to whom it had been conveyed—as it was there said—by one Keliikanakaole (w). The plaintiff likewise claimed title, as to some of the lands involved in the action, through this same Keliikanakaole. The remainder of the lands the plaintiff claimed through one Kaailau, otherwise known as Kanakaokai. As to the lands which both parties claimed from Keliikanakaole, a common source, proof was unnecessary at the trial that the title was in fact in that common grantor; and it is assumed in this opinion, in conformity with this rule, that the title was in that common grantor. It may be further assumed, without an examination of the evidence, that the title to the property claimed by the plaintiff as having been derived from Kaailau was similarly in Kaailau immediately prior to his deed to the plaintiff. Even with these assumptions, however, it was necessary for the plaintiff, in order to sustain a judgment in her behalf, to adduce proof that the lands conveyed by the two deeds aforesaid to her were the same lands scheduled in the declaration and for which judgment was prayed and obtained.

The lands concerning which this suit was instituted were described in the declaration as follows:

"1.  All those premises described in L. C. A. 3232 to Ohakee, containing an area of 1.19 acres, more or less, at Wailuku, Maui.

"2.  One half of Apana 1 described in L. C. A. 2409 to Kaolulo, containing an area of 46/100 of an acre, more or less, at Wailuku, County of Maui.

"3.  Apana 1 Division 2 in L. C. A. 2409 to Kaolulo, containing an area of 39/100 of an acre, more or less, at Wailuku, County of Maui.

"4.  A part of the House lot of Kaolulo kuleana in

L. C. A. 2409, containing an area of 16/100 of an acre, more or less.

"5.    Apana 1, 3 and 4 and a portion of Apana 2 described in L. C. A. 3380 to Popoki, containing an area of 1.40 acres, more or less."

The deed from Keliikanakaole to the plaintiff described the lands which it conveyed as follows: "All of that piece of land described hereunder as the property of Mule, my father, and exchanged by me with Hakalaau for his property, which transaction was duly recorded in Liber 470, Page 116-117; also Apana 3, containing 15/100 acre and the piece of land that I bought of Akeahi and Meretarita, his wife, and recorded in Liber 98, Government Registry, on Pages 314-315; also the piece of land purchased by me of Kekua Ohakee, containing an area of .54 acre, being that same piece of land inherited by him through Ohakee, his father; further that piece of land containing an area of .28 acre formerly the property of my Aunt, Kalawaia (w), being her divided interest in the Estate of Popoki (k); also that piece of land purchased by me of Makaoi and Aki, as fully described in R. P. 3223, L. C. A. 3275 to Kane (k); also the piece of land described in R. P. 7641, L. C. A. 3462 to Kalomi (w), of Waiehu, Island of Maui, Hawaiian Islands, being that same property that was divided between the following Grandchildren of Grantee, viz: Kewaiala (w), Kuaiki (w), and Lio (w)."

The deed from Kaailau to the plaintiff conveyed: "All my lands described in that exchange deed of myself and Hakalaau recorded in book 47 page 117-118." The deed from Hakalaau to Kanakaokai (book 47 pp. 117-118) conveyed "All that certain lot of land situated in Wailuku and described as follows:" (here follow metes and bounds) "and containing 9/100 of an acre." A deed from Hakalaau to Keliikanakaole (book 47 pp. 116-117) was also put in evidence.

It is obvious that the description contained in the deed from Keliikanakaole to the plaintiff as well as that in the deed from Kaailau to the plaintiff, aided, as they are, by the deed in book 47, pp. 117, 118, are not such as to show, upon their face, identity of the lands therein described with those described in the declaration. Without going into details,—it would serve no useful purpose to do so—suffice it to say that the other deeds in evidence do not in themselves contain descriptions sufficient to identify the lands sued for and that there is not any other evidence in the record tending to show the identity of the lands sued for with those conveyed to the plaintiff by Keliikanakaole and Kaailau. It is true that one J. K. Kahookele, a surveyor, gave testimony for the plaintiff to the effect that he had "located" the lands described in the declaration but he gave no testimony whatever tending to show what the result of his study or locations was or tending to show the necessary identity of the lands involved in the action; and the map testified to by him and offered in evidence throws no light upon the subject. The mere fact that the defendants claimed under Keliikanakaole does not supply this lack of proof or render unnecessary proof in these respects. That claim from a common source did indeed render unnecessary proof that the common grantor had title; but it did not render unnecessary proof that the plaintiff had in some way received the title to those lands from the common grantor.

The judgment is reversed and a new trial is granted and the cause is remanded to the circuit court of the second circuit for such further proceedings as may be necessary not inconsistent with this opinion.

*Eugene Murphy (P. L. Weaver* with him on the brief) for plaintiffs in error.

*W. C. Achi* for defendant in error.